**In the Matter of Phillip WHITE, a Minor.**

**No. 1013.**

Supreme Court of Alaska.

Oct. 14, 1968.

M. Ashley Dickerson, Anchorage, for petitioner.

Douglas B. Baily, Dist. Atty., H. Bixler Whiting, Asst. Dist. Atty., Anchorage, for respondent.

Before NESBETT, Chief Justice, DIMOND and RABINOWITZ, Justices.

## OPINION

NESBETT, Chief Justice.

The juvenile petitioner herein moved to peremptorily disqualify Superior Court Judge Harold J. Butcher, Judge of the Family Court for the Third Judicial District of Alaska, under the provisions of AS 22.20.022.[1]

---

1. During the times herein involved AS 22.-20.022 stated:

(a) If a party or his attorney in a superior court action, civil or criminal, files an affidavit alleging under oath that he believes that he cannot obtain a fair and impartial trial, the presiding judge shall at once, and without requiring proof, assign the action to another judge of that district, or if there is none, the chief justice of the supreme court shall assign a judge for the hearing or trial of the action. The affidavit shall contain a statement that it is made in good faith and not for the purpose of delay.

(b) No judge or court may punish a person for contempt for making, filing or presenting the affidavit provided for in this section, or a motion founded on the affidavit.

(c) The affidavit shall be filed within five days after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever event occurs later, unless good cause is shown for the failure to file it within that time.

(d) No party or his attorney may file more than one affidavit under this section in an action and no more than two affidavits in an action.

After conducting a hearing on the motion for disqualification Presiding Judge Ralph E. Moody denied the motion on the ground that it was not timely filed, as required by statute, "within five days after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever event occurs later * * *"; and on the additional ground that the peremptory disqualification statute applied only to civil or criminal matters and not to juvenile proceedings.

The pertinent facts are that a petition was filed on November 7, 1967, charging petitioner with acts of assault and indecent exposure. The matter was assigned to District Judge Hanson, jurisdiction of juvenile matters then being in the district court. James Merbs was appointed by the court to represent the petitioner, a child of 12. The fact-determining aspect of the hearing was held and concluded on December 15, 1967. Disposition of the matter was calendared for December 29, 1967. Continuances delayed disposition until August 15, 1968. In the meantime, on January 1, 1968, AS. 47.10.290(1) was amended, thereby transferring jurisdiction of juvenile matters from the district court to the superior court. Sometime after January 1, 1968, petitioner's mother and petitioner's counsel, James Merbs, advised District Judge Hanson, then acting as a master for the superior court, appointed to dispose of a juvenile matter which had been commenced by him as a district judge, that they were no longer able to work together. Judge Hanson recommended that Mr. Merbs be permitted to withdraw and Judge Butcher approved the withdrawal on February 23, 1968. On March 6, 1968, Judge Butcher appointed M. Ashley Dickerson to represent petitioner. On March 12, 1968, Mrs. Dickerson filed her motion for peremptory disqualification of Judge Butcher.

We have granted review, in the belief that our decision on the points raised will clarify important questions of practice upon which there is presently substantial ground for difference of opinion.

Counsel for petitioner has disregarded the question of the timeliness of the motion for peremptory disqualification and has based her argument entirely on the proposition that the right to peremptorily challenge a superior court judge is one of due process, made applicable to juvenile matters by the United States Supreme Court in In Re Gault,[2] and that juvenile matters are "civil or criminal matters" within the meaning of that term in AS 22.20.022.

■ Alaska's peremptory disqualification statute, enacted in 1967, is not grounded in due process, in the constitutional sense of that term. The right conferred is purely statutory and has not been made applicable to juveniles by In Re Gault. In that decision, in holding that juveniles were entitled to notice as provided in the Sixth Amendment, the right to counsel as guaranteed by the Sixth Amendment, the right against self-incrimination as guaranteed by the Fifth Amendment and the right to confrontation as guaranteed by the Sixth Amendment, the Supreme Court specifically stated in 387 U.S. at 13, 87 S.Ct. at 1436, 18 L.Ed.2d at 538:

> We do not in this opinion consider the impact of these constitutional provisions upon the totality of the relationship of the juvenile and the state. We do not even consider the entire process relating to juvenile 'delinquents'. For example, *we are not here concerned with the procedures or constitutional rights applicable to the pre-judicial stages of the juvenile process,* nor do we direct our attention to the post-adjudicative or dispositional process. (emphasis supplied).

The peremptory challenge of a superior court judge under AS 22.20.022 is required to occur within five days after a case is at issue, or within five days after it has been assigned to a judge. Both limitations ordinarily occur during pre-judicial stages of court procedure. By its specific wording

2. 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

therefore, as well as by its holding in general, In Re Gault has no application.

 While juvenile proceedings have some of the characteristics of both civil and criminal actions, we hold that they are basically different from both, and that the words "civil or criminal" as used in AS 22.20.022 must be strictly construed. The trial judge was correct in holding that peremptory challenge procedure applied only to civil and criminal actions and not to juvenile proceedings.

The geography of Alaska and the peculiar demands of an effective exercise of juvenile jurisdiction forbid the application of the peremptory challenge procedure to superior court judges when handling juvenile matters. Unlike the usual civil or criminal case, juvenile matters require timely and oftentimes emergency attention by the judge. If the superior court judge in a single judge location such as Ketchikan, Juneau, or Nome were peremptorily challenged, the juvenile matter could not be acted on until a superior court judge from another area arrived. The delay might amount to many weeks. Allowing two peremptory challenges of the superior court judges available in Fairbanks, for example, would exhaust the supply of available judges and result in a similar delay. In all of the cities, towns, and villages of Alaska where no superior court judge is located or readily available, district court judges and magistrates handle juvenile matters as masters by appointment of the superior court judge of the particular judicial district overseeing juvenile jurisdiction. Permitting the peremptory disqualification of the judge regularly assigned to overseeing the activities of these masters would create more judicial personnel problems than the Alaska Court System is staffed to cope with.

Since application of AS 22.20.022 in its present form to superior court judges when handling juvenile matters is obviously impracticable, it must be assumed that the legislature did not intend that it apply to that area of superior court jurisdiction.

If the legislature had intended that the procedure include juvenile matters it would have said so and would not have used the limiting phrase "civil or criminal."

 Finally, we hold that the trial judge was correct in deciding that petitioner's motion was not timely. The motion was not filed within five days after the case was at issue, because the trial had been completed; only disposition remained. It was not filed within five days after Judge Butcher had taken charge of the case on January 1, 1968, because the motion was not filed until March 12, 1968. Petitioner's affidavit in support of the motion to disqualify Judge Butcher made no attempt to justify the late filing of the motion on the basis of good cause as provided for in AS 22.20.022(c).

The relief requested by petitioner is denied.

RABINOWITZ, Justice (concurring).

I concur in the result reached by the court on the ground that petitioner's affidavit for peremptory disqualification was not timely and on the further ground that no showing of good cause was advanced in explanation of petitioner's failure to file the affidavit within the time limits prescribed by AS 22.20.022(c).