490 P.2d 658 (1971)
In the Matter of E.M.D., a Minor Child.
No. 1524.
Supreme Court of Alaska.
November 15, 1971.
Herbert D. Soll, Public Defender, Bruce A. Bookman, Asst. Public Defender, Anchorage, for the minor child.
John E. Havelock, Atty. Gen., Juneau, Seaborn J. Buckalew, Jr., Dist. Atty., Robert L. Eastaugh, Asst. Dist. Atty., Anchorage, for State of Alaska.
Before BONEY, C.J., and DIMOND, RABINOWITZ, CONNOR, and ERWIN, JJ.

OPINION
RABINOWITZ, Justice.
In this appeal we are called upon to decide whether a minor who has been adjudged a child in need of supervision can be institutionalized under our children's code.
Both Alaska's statutes relating to children's proceedings and the rules of procedure governing such proceedings establish three distinct categories of children. Thus, a child can be declared a dependent minor, a child in need of supervision, or a delinquent minor. AS 47.10.290(7) defines a "child in need of supervision" as a minor whom the court determines is within the provisions of AS 47.10.010(a) (2), (3), *659 or (6). Those provisions include a minor who:
(2) by reason of being wayward or habitually disobedient is uncontrolled by his parent, guardian, or custodian;
(3) is habitually truant from school or home, or habitually so conducts himself as to injure or endanger the morals or health of himself or others;
* * *
(6) associates with vagrant, vicious or immoral people, or engages in an occupation or is in a situation dangerous to life or limb or injurious to the health, morals, or welfare of himself or others.[1]
Regarding the dispositive phase of children's proceedings, Alaska's children's code provides that if the court determines the minor is a child in need of supervision, it shall make any of the following orders of disposition regarding the minor's supervision, care, and rehabilitation:
(1) any order which is authorized under (c) of this section; or
(2) order the minor placed on probation under those conditions and limitations that the court may prescribe.[2]
Under section (c) of AS 47.10.080, the court is empowered to order the minor committed to the Department of Health and Welfare or order the minor released to his parents, guardian, or some other suitable person.[3]
In the case at bar, the superior court found that E.M.D., a 14-year-old-runaway girl, was a child in need of supervision. The court's findings were made after several hearings before a master and the superior court, and were based largely upon the master's findings of fact and recommendations. In the dispositive portion of the trial court's judgment, it was ordered that E.M.D. be
committed to the custody of the Department of Health and Welfare for an indeterminate period * * *.
The court further ordered that E.M.D. be placed by the Department in a correctional or detention facility as defined in AS 47.10.080(b) (1), to be held in that facility until released therefrom upon a showing by an officer of the Division of Corrections that the minor has completed a program of rehabilitation and has been amenable thereto, and that the Court has been advised in writing that such release is contemplated.
In this appeal it is argued that the superior court exceeded its authority in ordering the institutionalization of E.M.D. who was found to be a child in need of supervision. We are in agreement with the minor's contentions. As mentioned at the outset, Alaska's pertinent statutory provisions and procedural rules distinguish between categories of children for purposes of administering our children's laws. Of controlling significance here is that each class or category mandates distinct differences regarding the permissible content of any dispositional order the trial court can enter.
Study of our children's laws leads to the conclusion that the legislature has authorized institutionalization only where the child is found to be a delinquent minor. The term "delinquent minor" is defined as a *660 child who has violated a law of the state, or an ordinance or regulation of a political subdivision of the state.[4] As to the appropriate disposition once the child has been determined to be a delinquent minor, the legislature has in part provided that the court shall order the minor committed to the Department of Health and Welfare for an indeterminate period and
may direct the minor's placement in a juvenile correctional school, detention home, or detention facility designated by the department. * * *[5]
Thus the only instance under our children's laws authorizing institutionalization or incarceration is when the child has violated the laws of the state, or any of its political subdivisions, and in turn has been adjudged a delinquent minor. Since the runaway child in the case at bar was found to be a child in need of supervision, not a delinquent minor, no legal basis existed for her incarceration.[6]
In reaching this conclusion, we have rejected the state's contention that the trial court's order of incarceration is sustainable in light of the legislature's broad policy declaration to the effect that protection of children is the paramount purpose governing its enactment of laws pertaining to children's courts and institutions.[7] In another context we recently held that the benevolent social theory supposedly underlying children's court acts does not furnish justification for dispensing with constitutional safeguards.[8] As to the case at bar, it is equally appropriate to note that notions of benevolent protective policies cannot be used to validate departures from positive law relating to the adjudicative and dispositive phases of children's proceedings.
We also reject the suggestion that the Department of Health and Welfare possesses the authority to institutionalize any minor, including one who has been declared a child in need of supervision, who has been committed to its custody. We find it unreasonable to construe our children's statutes in a manner which would result in the grant to the Department of Health and Welfare of broader powers of commitment than possessed by the trial court.[9] In our view the statute relied upon by the state for this construction prescribes conditions of confinement after the court has lawfully determined that a child should be confined in an institution.[10]
*661 One additional aspect of this appeal should be discussed for we think it appropriate that an explanation be given as to why this matter has been treated as an appeal rather than coming before us for review. Counsel for the minor sought to invoke our discretionary review jurisdiction in the belief that appeal was unavailable for two reasons. First, he cites In re White, 445 P.2d 813, 815 (Alaska 1968) (Rabinowitz, J., concurring). There this court interpreted AS 22.20.022, which allows peremptory disqualification of a superior court judge in a civil or criminal action. A majority of the court in White said:
While juvenile proceedings have some of the characteristics of both civil and criminal actions, we hold that they are basically different from both, and that the words `civil or criminal' as used in AS 22.20.022 must be strictly construed. The trial judge was correct in holding that peremptory challenge procedure applied only to civil and criminal actions and not to juvenile proceedings.
Counsel for the minor reads White as requiring the filing of a petition for review because the final judgment rule embodied in Supreme Court Rule 6 applies only to civil or criminal actions.[11] Such an expansive reading of White, assuming without deciding its continued validity in light of several of our recent decisions which vindicated certain constitutional and procedural rights of children in children's proceedings,[12] would result in precluding any review of children's decisions. For the rules which delineate this court's review jurisdiction limit such jurisdiction to "any order or decision of the superior court, not otherwise appealable under Rule 6, in any action or proceeding, civil or criminal. * * *"[13] Adoption of counsel's interpretation of White would also conflict with AS 22.05.010 which places final appellate jurisdiction in all cases in the supreme court.[14] We think White should be limited to its interpretation of the peremptory disqualification statute. On the other hand, we hold that the right to appeal from the type of disposition order which was entered in this children's proceeding has been clearly established by the legislature. In this regard, AS 47.10.080(i) provides:
A minor, his parents or guardian acting on his behalf, or the department may appeal a judgment or order, or the stay, modification, setting aside, revocation, or enlargement of a judgment or order issued by the court under this chapter.
The dispositive provisions of the superior court's judgment are set aside and the matter is remanded for such further disposition proceedings as are necessary and the entry of an appropriate disposition order.
NOTES
[1] Compare R. 12(b), Rules of Children's Procedure.
[2] AS 47.10.080(j).
[3] AS 47.10.080(c) reads in part as follows:

(1) order the minor committed to the department for an indeterminate period of time not to exceed the date the minor becomes 19 years of age, except that the department may petition the court for continued supervision for an additional one-year period for minors who have not responded to treatment;
(2) order the minor released to his parents, guardian, or some other suitable person; if the court releases the minor, it shall direct the department to supervise the care and treatment given to the minor; the department's supervision may not extend past the date the minor becomes 19 years of age, except that the department may petition the court for continued supervision for an additional one-year period for minors who have not responded to treatment. * * *
[4] AS 47.10.290(2).
[5] AS 47.10.080(b) (1).
[6] Cf. Fish v. Horn, 14 N.Y.2d 905, 252 N.Y.S.2d 313, 200 N.E.2d 857 (1964).
[7] AS 47.10.280 provides:

The purpose of this chapter is to secure for each minor the care and guidance which is as nearly as possible equivalent to that which should be given him by his parents. The principle is recognized that minors under the jurisdiction of the court are wards of the state, subject to its discipline and entitled to its protection, and that the state may act to safeguard them from neglect or injury and to enforce the legal obligation due to them and from them.
[8] RLR v. State, 487 P.2d 27, 30-31 (Alaska 1971).
[9] The state argues that even if the trial court lacks power to institutionalize a child in need of supervision, it can order the child committed to the Department of Health and Welfare which in turn can place the child in a detention facility. The argument is that under AS 47.10.080(e) (1) a minor can be committed to the Department of Health and Welfare. The state argues that AS 47.10.190 permits the department to institutionalize any minor committed to them. AS 47.10.190 reads as follows:

When the court commits a minor to the custody of the department, the department shall arrange to place the juvenile in a detention home, facility or another suitable place which the department designates for that purpose. A juvenile detained in a jail or similar institution at the request of the department shall be held in custody in a room or other place apart and separate from adults.
[10] We note with approval the state's candor in briefing the issues in this case. The state, in its brief, initially conceded that if this court looks only to the express language of AS 47.10.080(j) and 47.10.080 (e), a strong argument can be made that the judgment entered below exceeded the court's disposition jurisdiction. The final portion of the state's brief concludes on the following note:

Nevertheless, it is the belief of the Department of Law that the judgment ordering petitioner detained exceeded the authority of the court below. This belief is founded on the State's concern that courts should comply with their granted powers even where, as here, the factual circumstances cry out for a disposition beyond the fingertips of the lower court.
[11] In regard to what may be appealed, Supreme Ct.R. 6 states:

An appeal may be taken to this court from a final judgment entered by the superior court or a judge thereof in any action or proceeding, civil or criminal, except that the state shall have a right to appeal in criminal cases only to test the sufficiency of the indictment or information.
[12] Doe v. State, 487 P.2d 47 (Alaska 1971); RLR v. State, 487 P.2d 27 (Alaska 1971).
[13] Supreme Ct.R. 23.
[14] For a discussion of another facet of this court's final appellate jurisdiction see State v. Browder, 486 P.2d 925, 929-933 (Alaska 1971).