497 P.2d 914 (1972)
In the Matter of G.K., a Minor Under the Age of 18 Years.
In the Matter of B.M.O., a Minor Under the Age of 18 Years.
In the Matter of M.L.D., a Minor Under the Age of 18 Years.
Nos. 1627, 1654 and 1674.
Supreme Court of Alaska.
June 5, 1972.
Herbert D. Soll, Public Defender, R. Collin Middleton, Ronald T. West, and John W. Abbott, Asst. Public Defenders, Anchorage, for appellant and petitioners.
John E. Havelock, Atty. Gen., Norman C. Gorsuch, Deputy Atty. Gen., Juneau, Seaborn J. Buckalew, Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for the State.
Before BONEY, C.J., and RABINOWITZ, CONNOR, ERWIN, and BOOCHEVER, JJ.

OPINION
ERWIN, Justice.
The issue before us is whether or not an affidavit of bias and prejudice filed pursuant to AS 22.20.022 can work an automatic disqualification of a children's court judge. In each of the cases, consolidated in this decision,[1] the child seeks an overruling of In re White, 445 P.2d 813 (Alaska 1968), in which a majority of this court held AS 22.20.022 to be inapplicable to children's proceedings.[2] We have concluded that the White decision is incorrect as a matter of statutory interpretation,[3] and that, therefore, it was error for the *915 children's court judge below not to have disqualified himself upon timely and appropriate motions.
AS 22.20.022 provides for the peremptory disqualification of district court and superior court judges in "civil or criminal" actions.[4] The White majority denied application of the peremptory disqualification procedure to juvenile proceedings, reasoning that such proceedings "are basically different from both [civil and criminal actions], and that the words `civil or criminal' as used in AS 22.20.022 must be strictly construed." 445 P.2d at 815. No authority was cited for treating juvenile proceedings as sui generis.
In other cases we have noted that AS 22.20.022 "creates and defines a right  the right to have a fair trial before an unbiased and impartial judge."[5] Thus, the provisions of AS 22.20.022 reflect the fundamental tenet of our system of justice that every litigant shall have his rights adjudicated by a judge who is disinterested, impartial, and unbiased.[6] To deny the children in the cases before us the benefit of this important statutory right is to consign them to a limbo beyond the protection afforded all other litigants merely because they are children. It would require them to stand before a judge whose impartiality they question, yet who has the power to commit them to an institution where they may be lawfully detained until their twentieth birthday.[7]
Both the Supreme Court of the United States[8] and this court[9] have cautioned against denying juveniles important rights through use of simplistic distinctions made on the basis of labels. The intonation of catch phrases such as "parens patriae" allows avoidance, not resolution, of real issues.
The arbitrariness of decision-by-label is well illustrated by the White holding. Notwithstanding the almost universal characterization of juvenile proceedings as "civil", rather than "criminal", in nature,[10] the *916 White majority wrote that such proceedings are "basically different from both... ." 445 P.2d at 815. Neither legislative history[11] nor statutory reference[12] supports that dichotomy. Nor can we agree that "[t]he geography of Alaska and the peculiar demands of an effective exercise of juvenile jurisdiction forbid the application of the peremptory challenge procedure to superior court judges when handling juvenile matters." 445 P.2d at 815. If the child is given early notice of the superior court judge assigned to his case, the filing of an affidavit pursuant to AS 22.20.022 should not unduly delay the children's proceedings.[13]
In overruling White we are not unmindful of the doctrine of stare decisis. We fully recognize the necessity in a government of law for respect for past exercise of judicial judgment and the need for continuity and predictability of legal relations.[14] Nevertheless, "stare decisis is a principle of policy and not a mechanical formula of adherence to the latest decision, however recent and questionable... ."[15] Its force is not immutable, requiring us to blindly adhere to a statutory *917 interpretation unsound at its inception and unjust in its consequences.
The judgment of delinquency rendered against G.K. is reversed and the case remanded to the superior court for further proceedings in conformity with this opinion. The matters of B.M.O. and M.L.D. are remanded to the superior court for reassignment.
NOTES
[1] Two of the cases now before us come to this court by way of petitions for review. We granted review because the continued validity of In re White, 445 P.2d 813 (Alaska 1968), has been cast in serious doubt by recent opinions of this court. In re E.M.D., 490 P.2d 658, 661 (Alaska 1971); R.L.R. v. State, 487 P.2d 27, 33 n. 35 (Alaska 1971). There now exists "substantial ground for difference of opinion" as to whether AS 22.20.022 is applicable to petitioners' cases. Supreme Ct.R. 23(d). Moreover, to have postponed review until after final judgments had been rendered by the children's court might well have caused "injustice because of impairment of a legal right." Supreme Ct.R. 23(e). Petitions raising such issues regarding the proper administration of children's proceedings present an especially appropriate occasion for the exercise of our discretionary review jurisdiction. Cf. Supreme Ct.R. 24(1); In re G.M.B., 483 P.2d 1006, 1008 (Alaska 1971).
[2] Although the state has responded to the minors' argument, it concludes its brief with a concession that White was incorrectly decided and should now be overruled.
[3] A more limited ground for the result in White, that the disqualification motion was untimely, remains.
[4] AS 22.20.022(a) provides:

If a party or his attorney in a district court action or a superior court action, civil or criminal, files an affidavit alleging under oath that he believes that he cannot obtain a fair and impartial trial, the presiding district court or superior court judge, respectively, shall at once, and without requiring proof, assign the action to another judge of the appropriate court in that district, or if there is none, the chief justice of the supreme court shall assign a judge for the hearing or trial of the action. The affidavit shall contain a statement that it is made in good faith and not for the purpose of delay. (Emphasis added.)
[5] Channel Flying, Inc. v. Bernhardt, 451 P.2d 570, 576 (Alaska 1969). Accord, Roberts v. State, 458 P.2d 340, 345-346 (Alaska 1969).
[6] Cf. Nelson v. Fitzgerald, 403 P.2d 677, 679 (Alaska 1965).
[7] AS 47.10.080 provides that the maximum sentence of a juvenile offender may run until his nineteenth birthday, or until his twentieth birthday if a petition by the Dept. of Health and Social Services is approved by the court.
[8] McKeiver v. Pa., 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647, 658 (1971); In re Winship, 397 U.S. 358, 365-366, 90 S.Ct. 1068, 25 L.Ed.2d 368, 376 (1970); In re Gault, 387 U.S. 1, 49-50, 87 S.Ct. 1428, 18 L.Ed.2d 527, 558 (1967); Kent v. United States, 383 U.S. 541, 554-556, 86 S.Ct. 1045, 16 L.Ed.2d 84, 93-94 (1966).
[9] The sui generis characterization of juvenile proceedings made in White was questioned in R.L.R. v. State, 487 P.2d 27, 35 n. 35 (Alaska 1971), and limited in application to AS 22.20.022 in In re E.M.D., 490 P.2d 658, 661 (Alaska 1971).
[10] For a list of jurisdictions which do not consider an adjudication of delinquency to be a criminal conviction see Pee v. United States, 107 U.S.App.D.C. 47, 274 F.2d 556, 561-562 (1959). Cf. AS 47.10.080(g); AS 47.10.280.

Of reported cases which have dealt with an issue similar to the one at bar, all except White have held juvenile proceedings to be "civil" in nature for the purpose of peremptory disqualification statutes. Anonymous v. Superior Court in and for County of Pima, 14 Ariz. App. 502, 484 P.2d 655, 656 (1971); State ex rel. R.L.W. v. Billings, 451 S.W.2d 125, 127-128 (Mo. 1970); State ex rel. Ostoj v. McClernan, 129 Mont. 160, 284 P.2d 252, 253-254 (1955).
[11] Nothing in the legislative history of AS 22.20.022 indicates any legislative desire to exclude children's proceedings from its effect. See 1967 Senate Journal at 159-160; 1967 House Journal at 310-311. Moreover, in setting an effective date for the statute, the Alaska legislature provided that the new act would apply "to all actions pending, but not set for trial on [March 29, 1967]." (Emphasis added.) 1967 SLA ch. 48, § 3. See also the Governor's message in vetoing similar 1966 legislation in which it was assumed that a superior court judge in any action would be subject to disqualification. 1966 House Journal at 1130-1132.

Nor can we agree with the state's assertion that conclusive weight must be accorded to the failure of the Alaska legislature to respond to the White decision on the theory that legislative silence should be interpreted as acceptance. The reasoning employed by Mr. Justice Frankfurter in rejecting a similar argument in Toucey v. New York Life Ins. Co., 314 U.S. 118, 140-141, 62 S.Ct. 139, 147, 86 L.Ed. 100, 109 (1941), is equally applicable to this case:
There is no occasion here to regard the silence of [the legislature] as more commanding than its own plainly and unmistakably spoken words. This is not a situation where [the legislature] has failed to act after having been requested to act or where the circumstances are such that [the legislature] would ordinarily be expected to act... . To find significance in [legislative] nonaction under these circumstances is to find significance where there is none.
[12] The implication from the statutory usage of the phrase "civil or criminal" is that it is meant to be inclusive of all trial court actions. AS 01.10.060(1) defines "action" as including "any matter or proceeding in a court, civil or criminal." AS 22.10.020 vests the superior court with original jurisdiction in "all civil and criminal matters." Cf. Alaska Const. art. XV, § 2.

This court's own governing rules provide for appeal and petition for review only from "civil or criminal" cases. Supreme Ct.R. 6 and 23. Application of the White dichotomy "would result in precluding any review of children's decisions." In re E.M.D., 490 P.2d 658, 661 (1971).
[13] AS 22.20.022(c) provides that:

The affidavit shall be filed within five days after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever event occurs later, unless good cause is shown for the failure to file it within that time.
We have previously recommended that
[a] method ... be devised and utilized to make assignments of cases to judges sufficiently in advance of trial or hearing, with notice of the assignments being given to the parties, so that the parties can be afforded their rights under AS 22.20.022 without interfering with scheduled hearing or trial dates.
Roberts v. State, 458 P.2d 340, 346 (Alaska 1969).
[14] The force of stare decisis is considerably lessened where, as here, changes in position in reliance on the challenged decision are not involved.
[15] Helvering v. Hallock, 309 U.S. 106, 119, 60 S.Ct. 444, 451, 84 L.Ed. 604, 612 (1940).