**James WAMSER, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. 4166.**

Supreme Court of Alaska.

Dec. 8, 1978.

Robert Merle Cowan, Asst. Public Defender, Kenai, Brian Shortell, Public Defender, Anchorage, for petitioner.

W. H. Hawley, Jr., Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for respondent.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

BOOCHEVER, Chief Justice.

Within the time allowed for a peremptory challenge of a judge under AS 22.20.022 and Criminal Rule 25, James Wamser challenged Judge James A. Hanson for cause under AS 22.20.020[1] and attempted to re-

---

1. AS 22.20.020 specifies:

 *Disqualification of judicial officer for cause.* (a) A judicial officer may not act as such in a court of which he is a member in an action in which

 (1) he is a party or is directly interested;

 (2) he was not present and sitting as a member of the court at the hearing of a matter submitted for its decision;

 (3) he is a material witness;

 (4) he is related to either party by consanguinity or affinity within the third degree;

 (5) either party has retained him as their attorney or has been professionally counseled by him in any matter within two years preceding the filing of the action;

 (6) the judicial officer feels that, for any reason, he cannot give a fair and impartial decision.

 (b) In an action specified in (a)(4) and (5) of this section the disqualification may be waived by the parties and is waived unless a party raises the objection.

 (c) If a judicial officer disqualifies himself or consents to disqualification, the presiding judge of the district shall immediately transfer the action to another judge of that district to which the objections of the parties do not apply or are least applicable and if there is no such judge, the chief justice of the supreme court shall assign a judge for the hearing or trial of the action. If a judicial officer denies his disqualification the question shall be heard and determined by another judge assigned for the purpose by the presiding judge of the next higher level of courts or, if none, by the other members of the supreme court. The hearing may be ex parte and without notice to the parties or judge.

serve the right to peremptorily challenge Judge Hanson in the event that the challenge for cause was denied. Some thirteen days later, Judge Hanson denied the challenge for cause. The following day, this matter was heard by Judge Moody who also denied the challenge for cause pursuant to AS 22.20.020(c). Wamser then filed his motion for peremptory challenge under Criminal Rule 25(d)[2] and AS 22.20.022.[3] This motion was denied by Judge Moody as being untimely.

Since we find that postponement of review of the order until appeal may be taken from a final judgment could result in injustice because of unnecessary delay and expense[4] and because we find the question is of such substance and importance as to justify deviation from the normal appellate procedure by way of appeal and requires the immediate attention of this court,[5] we have granted review and have affirmed the order of the superior court.

Criminal Rule 25(d) authorizes a challenge of a judge as a matter of right at the time for filing the omnibus hearing form, or within five days after a judge is assigned a case for the first time. AS 22.20.022 provides for the filing of an affidavit peremptorily disqualifying a judge:

> within five days after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever event occurs later, un-

---

**2.** Criminal Rule 25(d) provides:

(d) *Change of Judge as a Matter of Right.* In all courts of the state, a judge may be peremptorily challenged as follows:

(1) *Entitlement.* In any criminal case in superior or district court, the prosecution and the defense shall each be entitled as a matter of right to one change of judge. When multiple defendants are unable to agree upon the judge to hear the case, the trial judge may, in the interest of justice, give them more than one change as a matter of right; the prosecutor shall be entitled to the same number of changes as all the defendants combined.

(2) *Procedure.* At the time required for filing the omnibus hearing form, or within 5 days after a judge is assigned the case for the first time, a party may exercise his right to change of judge by noting the request on the omnibus hearing form or by filing a "Notice of Change of Judge" signed by counsel, if any, stating the name of the judge to be changed. A judge may honor a timely informal request for change of judge, entering upon the record the date of the request and the name of the party requesting it.

(3) *Re-Assignment.* When a request for change of judge is timely filed under this rule, the judge shall proceed no further in the action, except to make such temporary orders as may be absolutely necessary to prevent immediate and irreparable injury before the action can be transferred to another judge. However, if the named judge is the presiding judge, he shall continue to perform the functions of the presiding judge.

(4) *Timeliness.* Failure to file a timely request precludes a change of judge under this rule as a matter of right.

(5) *Waiver.* A party loses his rights under this rule to change a judge when he agrees to the assignment of the case to a particular judge or participates before him in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11, or the commencement of trial. No provision of this rule shall bar a stipulation as to the judge before whom a plea of guilty or of nolo contendere shall be taken under Rule 11.

**3.** AS 22.20.022 specifies:

*Peremptory disqualification of a superior court judge.* (a) If a party or his attorney in a district court action or a superior court action, civil or criminal, files an affidavit alleging under oath that he believes that he cannot obtain a fair and impartial trial, the presiding district court or superior court judge, respectively, shall at once, and without requiring proof, assign the action to another judge of the appropriate court in that district, or if there is none, the chief justice of the supreme court shall assign a judge for the hearing or trial of the action. The affidavit shall contain a statement that it is made in good faith and not for the purpose of delay.

(b) No judge or court may punish a person for contempt for making, filing or presenting the affidavit provided for in this section, or a motion founded on the affidavit.

(c) The affidavit shall be filed within five days after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever event occurs later, unless good cause is shown for the failure to file it within that time.

(d) No party or his attorney may file more than one affidavit under this section in an action and no more than two affidavits in an action.

**4.** Appellate Rule 23(e).

**5.** Appellate Rule 24(a)(1).

less good cause is shown for the failure to file it within that time.

In *Gieffels v. State*, 552 P.2d 661, 667–68 (Alaska 1976) (footnote omitted), we stated:

> AS 22.20.022 encompasses both procedural and substantive matters. In *Channel Flying, Inc. v. Bernhardt, supra*, 451 P.2d at 576, we held that:
>
> > AS 22.20.022 is not invalid as an attempt to usurp the rule-making powers of this court *insofar as it provides for a peremptory disqualification of a judge.* (emphasis added [in *Gieffels*])
>
> The procedure to be followed in implementing the substantive right created by AS 22.20.022, however, is subject to the rule-making powers of the court.
>
> . . . Until the legislature validly changes Criminal Rule 25(d), that rule is the sole provision which may be consulted in determining whether the pre-emptive right was properly exercised and the effect of the pre-emption on the procedural and administrative functions of the court system. Therefore, insofar as Rule 25(d) regulates only the procedural aspects of the peremptory right created by AS 22.-20.022, and to the extent that the rule does not infringe upon the substantive right created by statute, the provisions of Rule 25(d) supersede the legislative enactment.

Since in this case we are dealing with the timeliness of the challenge, a procedural matter, Rule 25 controls. The challenge was not made within the period specified by the rule. Wamser contends that the period should be tolled during the time required for consideration of the challenge for cause.

 Our rules provide specifically for tolling time periods for filing a notice of appeal when certain motions are filed.[6] There is no such provision for tolling the period within which a peremptory challenge may be filed. Our analysis must therefore focus on the requirement for waiver of the time provisions. Criminal Rule 53 provides that the rules "may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice."

Wamser is entitled to a trial by a fair and impartial judge.[7] There has been no showing that such a trial cannot be obtained before Judge Hanson. In fact, there has been no petition to review the order denying the challenge for cause. In *Roberts v. State*, 458 P.2d 340, 346 (Alaska 1969), we stated:

> A party has a right to a trial before an unbiased and impartial judge—not a particular unbiased and impartial judge.

In seeking to assure that parties receive trials before judges whom they consider to be fair and unbiased,[8] the statute and rule provide an unusual right to a change of judge. In the absence of a challenge for cause, no such right existed at common

---

6. Appellate Rule 7(a)(4) specifies:

 (4) *Motions That Terminate Time for Filing Appeal.* The running of the time for filing an appeal is terminated by a timely motion filed in superior court pursuant to those rules of civil procedure enumerated in this section, and the full time for appeal is computed from the entry of any of the following orders made on timely motions:

 [a] Granting or denying a motion for judgment under Civil Rule 50(b);

 [b] Granting or denying a motion to amend or make additional findings of fact under Civil Rule 52(b), whether or not an alteration of the judgment would be required if the motion is granted;

 [c] Granting or denying a motion to alter or amend a judgment under Civil Rule 59;

 [d] Denying a new trial under Civil Rule 59; or

 [e] Granting or denying a motion for reconsideration under Civil Rule 77(m).

 Appellate Rule 19(b) provides in part:

 (b) *Time for Taking Appeal.* An appeal by a defendant may be taken within 30 days after entry of the judgment in accordance with Criminal Rule 32(b). If a motion for a new trial or an arrest of judgment or a motion for reduction, correction, or suspension of sentence pursuant to Criminal Rule 35 has been made within the 30-day period, an appeal from a judgment of conviction may be entered within 30 days after entry of the order denying the motion.

7. *Channel Flying, Inc. v. Bernhardt*, 451 P.2d 570, 575 (Alaska 1969).

8. *See Gieffels v. State*, 552 P.2d 661 (Alaska 1976); *In re G. K.*, 497 P.2d 914 (Alaska 1972).

law,[9] and it is not afforded in the federal courts[10] or in many states in the absence of a showing of factual bias.[11] While we have not hesitated to preserve this right when technicalities have been imposed to prevent its free exercise,[12] we have held that allegation of a breakdown in attorney-client dialogue was properly held not to satisfy the good cause requirement of AS 22.20.022.[13] Similarly, in this case, we find that the trial court did not abuse its discretion by its denial of the untimely peremptory challenge. It is not manifest that an adherence to the time requirement of the rule will work injustice.

In determining whether the trial court abused its discretion in failing to waive the time requirements of the peremptory challenge, we have also weighed various policy considerations.

There is no question but that if a challenge for cause is granted, parties who have not previously exercised a peremptory challenge have the right to so challenge the newly-appointed judge. Nevertheless, delays, expense and loss of efficiency are encountered in reassigning a judge to a case. The newly-assigned judge must often interrupt other work and duplicate study of the reassigned case previously performed by the originally-assigned judge.

Petitioner had the right to seek review or to appeal from the order denying the challenge for cause. No undue burden is placed on a party by requiring him to elect whether to proceed by means of a challenge for cause or a peremptory challenge.

If we were to adopt a contrary rule, parties would be encouraged to file borderline challenges for cause, delaying the time for ascertaining whether a particular judge will try a case. One of the purposes served by adoption of Criminal Rule 25 is to eliminate the necessity of filing such borderline challenges for cause.

We conclude that the trial court did not err in denying the motion for peremptory challenge as being untimely.

AFFIRMED.

MATTHEWS, J., dissents.

MATTHEWS, Justice, dissenting.

The legislature has provided two methods by which a judge may be challenged: challenge for cause, and peremptory disqualification. Both methods are designed to achieve the goal that a litigant obtain a fair trial, and we should interpret them so that they may be fully utilized.

Under the opinion today a litigant challenging a judge for cause must in effect surrender his right to exercise a peremptory disqualification because seldom will his challenge for cause be ruled upon within five days. The effect of the opinion will be to deter the filing of all challenges for cause, including those which should be filed, because the risk of losing is too great.

The right of peremptory disqualification was meant to supplement, not to supplant, the right to challenge for cause. I would hold that the time for filing a peremptory disqualification is tolled while a challenge for cause is pending. This would fully preserve both rights.

**9.** *Duncan v. Atl. Coast Line R. Co.,* 223 F. 446 (S.D.Ga.1915); *Bond v. Bond,* 141 A. 833, 835 (Me.1928); *State v. Chavez,* 373 P.2d 533, 534 (N.M.1962).

**10.** In the federal courts, judges may be disqualified only upon certain statutorily specified grounds. *See* 28 U.S.C.A. §§ 144, 455 (1968).

**11.** While some states provide an absolute right to change or disqualify a judge, *see, e. g.,* Ariz. R.Civ.P. 42(f); Ariz.R.Crim.P. 10.2; Mont.Sup. Ct.R. 34, most states require that the motion to change or disqualify be accompanied by an affidavit setting forth facts showing bias or prejudice on behalf of the judge. *See, e. g.,* Colo.R.Civ.P. 97; Colo.R.Crim.P. 21(b); Haw. Rev.Stat. § 601–7 (1976); Kan.Stat.Ann. § 20–311d (1974); N.J.Stat.Ann. §§ 2A:15–49, 2A:15–50 (West 1952); Ohio Rev.Code Ann. § 2937.20 (Anderson 1975); Okl.Stat.Ann. Tit. 20, § 1401 (West Supp.1977–78).

**12.** *Hartford Acc. & Indem. Co. v. State ex rel. Consolidated Constr. Co.,* 498 P.2d 274 (Alaska 1972).

**13.** *McCracken v. State,* 521 P.2d 499, 511 (Alaska 1974).