Billy Joe HOWE, Petitioner,

v.

STATE of Alaska, Respondent.

No. 4129.

Supreme Court of Alaska.

Jan. 26, 1979.

Jeffrey M. Feldman, Asst. Public Defender, Brian C. Shortell, Public Defender, Anchorage, for petitioner.

Stephen E. Branchflower, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum Gross, Atty. Gen., Juneau, for respondent.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

MATTHEWS, Justice.

Petitioner Billy Joe Howe is charged with armed robbery. Howe filed a pre-trial notice of his intent to rely on the defense of non-responsibility due to mental defect or disease.[1] The state moved, pursuant to Criminal Rule 16(c)(2),[2] to discover the reports of a psychiatrist and a psychologist who had examined Howe at the latter's request. The superior court granted the motion and also ordered Howe to disclose the experts' notes and the names of all reference materials they had relied upon in their evaluation. Howe complied with this order.

The state hired its own psychiatrist, who also examined the defendant. Howe then moved, pursuant to Criminal Rule 16(b)(1)(iv), to compel discovery of the state's report. The superior court ordered disclosure of the psychiatrist's name but not the report. Howe then petitioned this court for pre-trial review of the denial of his discovery motion. We directed the superior court to enter an order granting Howe's motion to compel discovery of the state's report. Our reasons follow.

Criminal Rule 16(b) sets forth the prosecutor's duties of disclosure.[3] Subsection (1)(iv) requires production of

Any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons.

---

1. AS 12.45.083(a) reads:

   *Mental disease or defect excluding responsibility.* A person is not responsible for criminal conduct if at the time of the conduct, as a result of mental disease or defect, he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

2. Criminal Rule 16(c)(2) reads:

   *Reports or Statements of Experts.* The trial court may require that the prosecuting attorney be informed of and permitted to inspect and to copy or photograph any reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons which are intended by the defendant to be used at trial. Information obtained by the state under the provisions of this section shall be used only for cross-examination or rebuttal of defense testimony.

3. Criminal Rule 16(b) provides in part:

   (b) *Disclosure to the Accused.*

   (1) *Information Within Possession or Control of Prosecuting Attorney.* Except as is otherwise provided as to matters not subject to disclosure and protective orders, the prosecuting attorney shall disclose the following information within his possession or control to defense counsel and make available for inspection and copying:

   (i) The names and addresses of persons known by the government to have knowledge of relevant facts and their written or recorded statements or summaries of statements;

   (iv) Any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons.

The policy underlying liberal pre-trial discovery is expressly set forth in subsection (a) of Rule 16:

> In order to provide adequate information for informed pleas, expedite trial, minimize surprise, afford opportunity for effective cross-examination, and meet the requirements of due process, discovery prior to trial should be as full and free as possible consistent with protection of persons, effective law enforcement, and the adversary system.

The rule thus articulates a distinct bias in favor of "full and free" pre-trial discovery in criminal cases.

The state contends here that its psychiatrist's report need not be produced before the trial, despite the express language of subsection (1)(iv), because the psychiatrist who prepared it will be called as part of the state's rebuttal case. The state correctly notes that it has no obligation to come forward with evidence that Howe is sane until the defense presents some evidence that he is insane;[4] thus it will be during the rebuttal portion of the trial that the state's psychiatrist will be called. In support of its position the state relies on *McCurry v. State,* 538 P.2d 100, 106 (Alaska 1975) where we held with respect to Criminal Rule 16(b)(1)(i), "that the prosecution is under no obligation to furnish defense counsel with the names of any potential rebuttal witnesses."

*McCurry* cannot be read as creating a general rebuttal evidence exception to the disclosure required under the subsections of Criminal Rule 16(b)(1) other than subsection (i). In *McCurry* we noted that Criminal Rule 16(b) was derived from Standard 2.1 of the ABA Standards Relating to Discovery and Procedure Before Trial (approved draft 1970). We then quoted the commentary pertaining to subsection (i) relating to disclosure of the names, addresses and statements of witnesses:

> Not intended to be included within the classification designated ('persons whom the prosecuting attorney intends to call as witnesses at a hearing or trial') are

rebuttal witnesses, i. e., those whom the prosecutor holds in readiness to rebut evidence which he anticipates the accused will present.

538 P.2d at 106. However, the commentary to the ABA standard makes it clear that reports of experts are to be produced regardless of whether the expert is to be used by the prosecution in its case in chief or in rebuttal or, for that matter, at all:

> The need for full and fair disclosure is especially apparent with respect to scientific proof and the testimony of experts. This sort of evidence is practically impossible for the adversary to test or rebut at trial without an advance opportunity to examine it closely. Examples of the critical importance of accurate expert evaluation of evidence are legion . . . [a]nd it is virtually impossible for evidence or information of this kind to be distorted or misused because of its advance disclosure. . . .
>
> This subsection makes clear that reports of experts and results of tests must be disclosed whether the report or result is "positive," or "negative," or abortive (from the prosecutor's standpoint), and whether or not the prosecution intends to use the expert at a hearing or trial. It may well be that many "negative" reports will have to be disclosed at some time in any event, under the constitutional requirements of *Brady v. Maryland* [373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215] . . . The report, moreover, is to be disclosed if it was "made in connection with the particular case" (the limitation used in new Federal Rule 16(a)(2)), regardless of its relevance, admissibility or estimated probative value.

ABA Standards, at 66–67 (citations omitted).

Although in *McCurry* we held that the prosecution was under no duty to disclose the name of a rebuttal witness under Criminal Rule 16(b)(1)(i) we also held that if there had been a timely request the court would have been bound to grant a motion

---

4. *Alto v. State,* 565 P.2d 492, 497 (Alaska 1977).

for a continuance to allow defense counsel to investigate the witness' background. 538 P.2d at 106. In this case the state has offered the defendant a continuance after he rests his case in chief. At that point the state suggests that it will produce its expert's report and allow the defendant whatever time is necessary to investigate and prepare for cross-examination of the psychiatrist. A continuance, however, is at best an awkward and disruptive substitute for pre-trial discovery. In the case of technical reports the time needed to prepare a response may be too long to hold the jury and a mistrial may be the result. Moreover, under certain circumstances such as those involving strategic decisions concerning the conduct of the trial a continuance is not an effective substitute for pre-trial discovery. *See Stevens v. State*, 582 P.2d 621, 625 n. 9 (Alaska 1978).

For the foregoing reasons, we conclude that the rebuttal exception created by *McCurry* should be limited to subsection (i) of Criminal Rule 16(b)(1). Moreover, we believe that the language in *McCurry* is overbroad even as it applies to subsection (i). In the *McCurry* decision we did not point out an important difference between our rule and the ABA correlative standard. Our rule requires the production of "the names and addresses of persons known by the government to have knowledge of relevant facts and their written or recorded statements or summaries of statements." Thus, the concept of relevance is the limita-

tion on production. Standard 2.1(a)(i) of the ABA Standards provides that the government must produce "the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, together with the relevant written or recorded statements." The limitation in that standard is not relevance, it is whether the prosecuting attorney expects to call a person as a witness. This is obviously a much narrower criterion, and one which has been deliberately rejected in our rules.[5]

Therefore, we think that subsection (i) of Criminal Rule 16(b)(1) does not permit an across the board exception for rebuttal witnesses. If the witness is a person known by the prosecution to have knowledge of relevant facts, then his name and address must be disclosed and if he has given a statement that too must be disclosed. The discovery contemplated by subsection (i) is intended to take place at an early stage in the proceedings,[6] and at that stage the prosecution often will have no clear idea who will be presented as witnesses at trial and who, among the witnesses, will be presented in the case in chief and who will be reserved for rebuttal.[7]

The relevance criterion expressed in Criminal Rule 16(b)(1)(i) will, of course, justify non-production of the names of rebuttal witnesses whose knowledge was reasonably not thought to be germane to the case until a position taken by the defense during trial made it so. Further, it should go

---

5. There is a proposal for the ABA to adopt the relevance criterion. ABA ·Standards Relating to Discovery and Procedure Before Trial, Standard 11–2.1 (2d ed., tent. draft 1978).

6. Criminal Rule 16(f)(2)(i) indicates that such discovery should occur prior to the omnibus hearing.

7. The ABA commentary has recognized this as one weakness of limiting production to those whom the prosecution intends to call as witnesses:

> There are certain obvious problems with using an expected production *at trial* as a determinant of *pre-trial* disclosures. First, there are limitations on the prosecutor's ability to predict accurately what he will use at trial. Prior to trial there are a variety of contingencies, including the unpredictability of wit-

nesses. Thus, a prosecutor's decision about what witnesses or other evidence will be actually used must at times be delayed until during the trial itself. On the other hand, increased pre-trial disclosures will arguably contribute considerably to the predictability of the course of the trial itself. A second problem is that in the mass of the more routine criminal cases, serious preparation for trial unfortunately, because of the pressures of volume, will not commence until shortly before trial. This means that accurate predictions will not be available until shortly before the trial in any event.

ABA Standards Relating to Discovery and Procedure Before Trial, at 55–56 (approved draft 1970) (emphasis in original).

without saying that the prosecution has no duty to disclose that which it does not know. Thus, where additional investigation is done during the course of a trial and a witness is uncovered, the fact that his name was not earlier disclosed under subsection (i) of Criminal Rule 16(b)(1) is not a basis for excluding his testimony. *McCurry* could have properly been decided on this basis.

To the extent that *McCurry* is inconsistent with what we have said here, it is overruled.

RABINOWITZ, Justice, concurring.

Although I have no disagreement with the court's opinion, I think it appropriate to discuss my view of the precise procedural effect of the introduction by the defense of evidence of insanity. AS 12.45.083(b) provides:

> Reliance on mental disease or defect as excluding responsibility is an affirmative defense. The burden of proof beyond a reasonable doubt does not require the prosecution to disprove an affirmative defense unless and until there is evidence supporting the defense. The requirement of evidence supporting the affirmative defense is not satisfied solely by evidence of an abnormality which is manifested only by repeated criminal or otherwise antisocial conduct.

The meaning of this section was explained in *Dolchok v. State*, 519 P.2d 457, 458 (Alaska 1974): "Subdivision (b) means that once evidence of insanity is introduced, the burden is on the state to prove sanity beyond a reasonable doubt." In addition, in *Alto v. State*, 565 P.2d 492, 497 (Alaska 1977), we said: "Although we have never before articulated a definite legal standard regarding the quantum of evidence which must be adduced to trigger the state's burden to prove sanity, . . . the rule of law seems to be that 'some' evidence of the defendant's insanity is sufficient. . . . [W]e hereby adopt it."

It thus appears that if "some" evidence is sufficient to place the burden of proof on the state to prove the defendant's sanity, then it is really not up to the defendant to prove anything on this issue. If this is so, I do not see how the prosecutor can characterize the testimony of Dr. Rothrock, a psychiatrist retained by the state as an expert witness on this issue in the case at bar, as "rebuttal testimony." It appears that the testimony is necessarily part of the prosecution's case in chief on this issue. *See McCurry v. State*, 538 P.2d 100, 106 (Alaska 1975).

BURKE, Justice, concurring in the result.

I concur in the result reached by my colleagues. However, I would rest my decision on the fact that disclosure of the expert's report is required by Criminal Rule 16(b)(1)(iv). I think also, however, that *McCurry v. State*, 538 P.2d 100 (Alaska 1975) is distinguishable on two grounds: (1) McCurry involved disclosure of the *identity* of a rebuttal witness. Here the identity of the expert was disclosed. It is only his report that is sought. (2) The report is "realistically part of [the state's] case in chief." As such it should have been disclosed even under our holding in *McCurry*. 538 P.2d at 106.