STATE of Alaska, Petitioner,

v.

Honorable Milton M. SOUTER, Judge of the Superior Court and the Superior Court for the State of Alaska, Third Judicial District, Respondents.

Richard C. SUND, Real Party in Interest.

STATE of Alaska, Appellant,

v.

Richard C. SUND, Appellee.

Nos. 4380, 4400.

Supreme Court of Alaska.

Feb. 22, 1980.

Charles M. Merriner, Asst. Dist. Atty., Anchorage, Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for petitioner/appellant.

Warren C. Colver, Anchorage, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

MATTHEWS, Justice.

Appellee caused the deaths of three individuals while driving under the influence of intoxicating liquor. He was convicted on three counts of manslaughter and given one sentence for all three counts, five years of imprisonment with three and one-half years suspended.

■ The state has appealed and petitioned for review, contending that a general

sentence should not be given on multiple counts except where multiple sentences would be illegal. The state acknowledges that our holding in *Thessen v. State*, 508 P.2d 1192 (Alaska 1973) precluded multiple sentences in this case and argues that *Thessen* was wrongly decided and should be overruled.

We held in *Thessen* :

[w]here there has been but one statute violated by a single act, without intent to harm multiple victims, the Alaskan constitutional prohibition against placing a person in jeopardy twice for the same offense prevents imposition of multiple punishments.

*Id.* at 1195. We reaffirmed *Thessen* in *State v. Gibson*, 543 P.2d 406, 408 (Alaska 1975). The *Thessen* holding has been a part of the jurisprudence of this state for nine years. While it is a salutary policy to follow past decisions,[1] the rule of *stare decisis* will not preclude reversing a former case where the court is "clearly convinced that the rule was originally erroneous or is no longer sound because of changed conditions, and that more good than harm would result from a departure from precedent." 1B J. Moore, Federal Practice ¶ 0.402 at 154–55 (1974); *see In re G.K.*, 497 P.2d 914, 916–17 (Alaska 1972). *See also, Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 72 F.R.D. 556, 562 (S.D.N.Y.1976); *Velsicol Chemical Corp. v. Monsanto Co.*, 579 F.2d 1038, 1050 (7th Cir. 1978).

▮ This standard has not been met here. So far as we are aware, *Thessen* has caused no injustice in any case to any party. Certainly here it has not done so, for the state does not contend that the sentence appellee

received is too lenient in terms of time to be served or the length of probation. On this record we decline to reconsider *Thessen*.

AFFIRMED.

RABINOWITZ, Chief Justice, dissenting.

For the reasons stated in my dissent in *Thessen v. State*, 508 P.2d 1192, 1197–99 (Alaska 1973), I would overrule *Thessen*, vacate the sentence, and remand the case at bar to the superior court with directions to impose separate sentences as to the three convictions of manslaughter.

Alaska's relevant manslaughter statute provides, in part, the "a person who unlawfully kills another is guilty of manslaughter." AS 11.15.040. This language reflects the legislature's intent to make the offense depend upon the consequences of the defendant's actions and not the means by which those consequences were achieved. Our manslaughter statute measures the culpability of a defendant's behavior by the magnitude of the harm inflicted. In short, I am of the view that each unlawful killing is a separate offense under the manslaughter statute.

While the doctrine of stare decisis certainly plays a salutary role in the functioning of our courts, I differ with the majority's statement that this court will depart from the doctrine and reexamine a prior decision only upon a showing that injustice has resulted from the prior decision.[1] In my view, this injustice precondition is too narrow a statement of the circumstances in which courts have deemed it appropriate to depart from the doctrine of stare decisis. I think it a fair summary to state that courts in the United States are not irretrievably

---

1. *Moragne v. States Marine Lines*, 398 U.S. 375, 403, 90 S.Ct. 1772, 1789, 26 L.Ed.2d 339, 358 (1970).

1. Judge von Moschziske has articulated the contours of the doctrine of stare decisis in the following manner:

A deliberate or solemn decision of a court or judge, made after argument on a question of law fairly arising in a case, and necessary to its determination is an authority, or binding precedent, in the same court or . . . lower rank, in subsequent cases, where 'the

very point' is again in controversy; but the degree of authority belonging to such a precedent depends of necessity on its agreement with the spirit of the times or the judgment of subsequent tribunals upon its correctness as a statement of the existing or actual law, and the compulsion or exigency of the doctrine is, in the last analysis, moral and intellectual, rather than arbitrary or inflexible.

Von Moschziske, Stare Decisis, Res Judicata and Other Selected Essays (1929) 1.

bound by their own precedents "but in the interests of uniformity, stability, and certainty in the law, will follow the rule of law which was established in earlier cases unless clearly convinced that the rule was originally erroneous or is no longer sound because of changed conditions, and that more good than harm would result from a departure from precedent." [2]

Admittedly, sound policy considerations underlie the doctrine of stare decisis. Nevertheless, I remain of the view that the court's holding in *Thessen* is erroneous and should now be overruled.[3] Even if one takes the majority's view that it must be shown that *Thessen* has caused injustice, I am unable to join in the majority's determination that no injustice has in fact emanated from the rule of *Thessen*. Here Sund has transgressed positive law and taken three lives. Thus, I think it of paramount importance that our courts adhere to legislative determinations and reaffirm these norms by imposition of convictions as to each separate manslaughter committed by Sund. Society's interest in the sanctity of each individual's life is not to be overlooked, even if the ultimate imposed sentence does not result in a longer period of incarceration of Sund.[4]

---

**2.** 1B J. Moore, Federal Practice ¶ 0.402 pp. 154–55 (1974).

**3.** Justice Harlan articulated the considerations behind the doctrine of stare decisis in *Moragne v. States Marine Lines*, 398 U.S. 375, 403, 90 S.Ct. 1772, 1789, 26 L.Ed.2d 339, 358 (1970), as follows:

> Among these are the desirability that the law furnish a clear guide for the conduct of individuals, to enable them to plan their affairs with assurance against untoward surprise; the importance of furthering fair and expeditious adjudication by eliminating the need to relitigate every relevant proposition in every case, and the necessity of maintaining public faith in the judiciary as a source of impersonal and reasoned judgments. The reasons for rejecting any established rule

must always be weighed against these factors.

Many of this court's prior decisions in which prior precedents have been overruled have not required a showing of injustice. *See, e. g., Anchorage v. Geber*, 592 P.2d 1187, 1191–92 (Alaska 1979); *Howe v. State*, 589 P.2d 421, 425 (Alaska 1979); *Kimoktoak v. State*, 584 P.2d 25, 31 (Alaska 1978); *Cooper v. Argonaut Ins. Companies*, 556 P.2d 525 (Alaska 1976).

**4.** Additionally society has an interest in the possible enhancement of penalties if Sund were to again violate the criminal law subsequent to his release from the sentence in the case at bar. In regard to such considerations, a single prior felony conviction as opposed to multiple prior felony convictions is of significance.