**STATE of Alaska, Petitioner,**

v.

**David E. SUMMERVILLE, Respondent.**

**No. S–7869.**

Supreme Court of Alaska.

Nov. 14, 1997.

Rehearing Denied Jan. 2, 1998.

Eric A. Johnson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Petitioner.

William R. Satterberg, Jr., Law Offices of William R. Satterberg, Jr., Fairbanks, for Respondent.

Marcia E. Holland, Assistant Public Defender, Fairbanks, and Barbara K. Brink, Public Defender, Anchorage, for Amicus Curiae Alaska Public Defender Agency.

James H. McComas, Pro Bono Counsel, Anchorage, for Amicus Curiae Office of Public Advocacy.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH and FABE, JJ.

*OPINION*

PER CURIAM.

The decision in this case is controlled by *Scott v. State*, 519 P.2d 774 (Alaska 1974), unless we are persuaded to overrule *Scott*. In *State v. Dunlop*, 721 P.2d 604 (Alaska 1986), we stated:

> We do not lightly overrule our past decisions.... [I]t is a "salutory policy to follow past decisions." ... [W]here we are "clearly convinced the rule was originally erroneous or is no longer sound because of changed conditions, and that more good than harm would result from a departure from precedent," we will so depart.

*Id.* at 610 (footnote omitted) (quoting *State v. Souter*, 606 P.2d 399, 400 (Alaska 1980)). We are not persuaded that these standards are met, at least with respect to *Scott*'s holding that the production of the names of non-alibi

witnesses and their statements cannot be constitutionally compelled. Because the reciprocal discovery provisions enacted in section 1 of Chapter 95 SLA 1996 are non-severable, and at least one of those provisions violates article I, section 9 of Alaska's constitution, the entire section is invalid. The pre-existing version of Alaska Criminal Rule 16 must remain in effect. AFFIRMED.

BRYNER, J., not participating.