Joseph E. SRALA, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. A–2534.

Court of Appeals of Alaska.

Dec. 2, 1988.

Stuart G. Ross, Gorton & Oberly, Anchorage, for appellant.

John E. McConnaughy, III, Asst. Mun. Prosecutor, James Wolf, Mun. Prosecutor, and Richard Kibby, Mun. Atty., Anchorage, for appellee.

Before BRYNER, C.J., SINGLETON, J., and STEWART, District Court Judge.*

* Sitting by assignment made pursuant to article

## OPINION

BRYNER, Chief Judge.

A jury convicted Joseph E. Srala of driving while intoxicated (DWI), Anchorage Municipal Code (AMC) § 09.28.020, refusal to submit to a chemical test, AMC § 09.28.022, and resisting an officer, AMC § 08.05.530. Srala appeals, alleging that the court erred when it denied his motions for a protective order and a mistrial. We affirm.

On the evening of November 9, 1987, Anchorage Police Department Officer J. Norsworthy observed Srala driving his car. The headlights were not on and the car was weaving. The officer stopped Srala and administered field sobriety tests, which Srala failed. When Norsworthy attempted to arrest Srala for DWI, Srala resisted, and a scuffle ensued during which Srala injured his nose.

At the police station, Srala refused to take the Intoximeter test. He claimed that blowing into the Intoximeter tube would aggravate his nose injury and cause too much pain. Norsworthy offered Srala a blood test instead of the Intoximeter. He explained that the blood test would be administered at no cost to Srala and would not hurt his nose. He further explained that Srala would not be charged with refusal to submit to a chemical test if he took the blood test. Srala refused the blood test.

At trial Srala moved for a protective order to preclude evidence that he had refused the offer of a blood test. District Court Judge Natalie K. Finn ruled that the municipality would be precluded from presenting evidence of Srala's refusal to submit to a blood test unless Srala first offered evidence suggesting that he was incapable of taking the Intoximeter test. Srala subsequently elected to defend on the theory that his injury prevented him from taking the Intoximeter test. The municipality was then allowed to rebut Srala's evidence with evidence revealing Srala's refusal of a blood test.

IV, section 16 of the Alaska Constitution.

On appeal, Srala challenges the admission of evidence of his refusal to submit to a blood test. He contends that the evidence is precluded by *Elson v. State*, 659 P.2d 1195, 1199 (Alaska 1983). In response, the municipality argues that *Elson* does not bar the evidence of Srala's refusal to take a blood test, because Srala had no constitutional right to refuse to submit to a blood test. The municipality points out that the evidence was offered only to refute Srala's claim that his injury prompted him to refuse the Intoximeter test.

In *Elson*, the Alaska Supreme Court barred the state from presenting evidence of a defendant's refusal to submit to a legal but warrantless search for purposes of showing consciousness of guilt. The court voiced two reasons for its ruling. First, the admission of such evidence might, in effect, discourage defendants from exercising their fourth amendment rights in cases where consent might be necessary to validate a search. Second, a refusal is only minimally probative on the issue of consciousness of guilt, whereas its potential for prejudice is great. The *Elson* court nevertheless reasoned that evidence of actual physical resistance to a warrantless search is considerably more probative of consciousness of guilt than evidence of a mere verbal refusal. Accordingly, the court precluded the admission of evidence of a refusal to consent but approved the admission of evidence showing physical resistance. *Id.* at 1198–1201.

■ The present case is readily distinguishable from *Elson*. In contrast to *Elson*, a person legally arrested for driving while intoxicated does not have a fourth amendment right to refuse a breath or blood test. The only fourth amendment right such a person has is the right to be free of arrest on less than probable cause. *See Burnett v. Anchorage*, 634 F.Supp. 1029, 1036–38 (D.C.Alaska), *aff'd*, 806 F.2d 1447, 1449–50 (9th Cir.1986), *McCracken v. State*, 685 P.2d 1275 (Alaska App.1984). Consequently, comment on the refusal of an offered blood test does not chill the exercise of fourth amendment rights. Srala was lawfully under arrest for DWI and

had no constitutional right to refuse a search incident to his arrest aimed at establishing his blood alcohol level. *See Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). To the extent that Srala had a right to refuse a blood test, as opposed to an Intoximeter test, that right was a limited statutory right. *See* AS 28.35.032(a); AS 28.35.035; *Bass v. Anchorage*, 692 P.2d 961, 964 (Alaska App.1984). Evidence of his refusal thus did not amount to an impermissible comment on the exercise of a constitutional right.

■ Second, and more significantly, evidence of Srala's refusal to take a blood test was not offered to show his consciousness of guilt. Rather, it was offered to refute his explanation for refusing to take the Intoximeter test. Srala in effect asserted that he would have been willing to submit to an Intoximeter test but for his physical injury. Evidence of Srala's unwillingness to submit to a blood test—which would have had no adverse effect on his injuries—was directly relevant to discredit Srala's assertion. The trial court did not abuse its discretion in finding that, for this purpose, the probative value of the refusal outweighed its potential for prejudice.

■ Srala next contends that the court erred when it denied his motion for a mistrial. Prior to trial, the court barred the municipality from introducing evidence of Srala's prior police contacts. At trial, Officer Norsworthy testified that, when initially stopped, Srala asked not to be arrested, saying that Norsworthy should "give him a break" because the police had never given him a "break" before. In response to Norsworthy's testimony, Srala moved for a mistrial. The court denied the motion, concluding that Norsworthy's testimony was an unintentional violation of the protective order and that the testimony disclosed no details of Srala's prior police contacts. Without objection from the parties, the court instructed the jury to assume that Norsworthy's comments referred only to minor traffic offenses such as those each of the jurors had committed at one time or another in their lives.

The decision whether to grant a mistrial is committed to the sound discretion of the trial court. When the trial court withdraws improper testimony from the jury's consideration by use of a curative instruction, the instruction is ordinarily presumed to cure any error. *Roth v. State*, 626 P.2d 583, 585 (Alaska App.1981). Here, the court specifically instructed the jury that Norsworthy's comment was a reference to innocuous traffic violations. Under the circumstances of this case, we see no basis for concluding that the jury was incapable of following the court's instruction. Accordingly, we find no abuse of discretion in the court's denial of a mistrial.

The conviction is AFFIRMED.