Shelley WILLIAMS, Appellant,

v.

STATE of Alaska, Appellee.

No. 4263.

Supreme Court of Alaska.

Sept. 28, 1979.

---

Albert Maffei, Anchorage, for appellant.

Eugene B. Cyrus, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

Appellant Shelley Williams was found guilty in district court of violating AS 04.-10.010,[1] which prohibits the unlicensed sale of liquor. The evidence at trial showed that Williams was the sublessee of a two bedroom house on 15th Avenue in Anchorage. A police raid on the house resulted in the arrest of two bartenders who had been selling alcoholic beverages from behind a wall-to-wall bar in the living room of the house to a group of twenty-five to thirty persons in attendance. Williams and a doorman were also arrested. Williams testified that he occasionally allowed the use of his premises for private parties and that this was such an occasion. His defense was that he had no control over such parties and that he had no knowledge of any sales of liquor on the day in question or any participation in or direction of any sales which did occur.

The jury apparently did not believe him. On appeal to the superior court his conviction was affirmed. In this appeal, Williams argues that the district court erred: (a) by admitting into evidence several business cards seized in the police raid, bearing the telephone number and address of the premises and the name "Lighthouse"; (b) by allegedly improperly instructing the jury as to accomplice liability; and (c) by imposing an excessive sentence. None of his contentions have merit.

The business cards were introduced although they had not been produced for defense counsel in response to a request for discovery under Rule 16, Alaska R.Crim.P. The state concedes it violated the rule. Failure to produce evidence under Rule 16, however, does not automatically result in exclusion of the evidence. The appropriate remedy for a violation of Rule 16 is within the trial court's discretion.[2] Exclusion of the evidence is simply one alternative available to the court.[3] The

---

1. AS 04.10.010 provides:

   *Control of liquor manufacture and traffic.* No person, firm, corporation, organization, or company may manufacture, sell, offer for sale or possess for sale or barter, traffic in, barter or exchange for goods in this state, an intoxicating liquor without first procuring an appropriate license. This section does not apply to sales made by a person under the provisions of law requiring him to sell personal property.

2. Criminal Rule 16(e)(1) provides:

   *Failure to comply with Discovery Rule or Order.* If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed or enter such other order as it deems just under the circumstances.

3. We have previously noted that the prosecution's failure to produce evidence as required by Rule 16 ordinarily entitles the defense counsel to a continuance. *Stevens v. State,* 582 P.2d 621, 624 n.9 (Alaska 1978); *Des Jardins v. State,* 551 P.2d 181, 187 (Alaska 1976). Williams' counsel was asked what relief he sought, and although he asked that the evidence be

state's violation in this case was in good faith. Apparently, the state had responded to the discovery request by referring the defendant to the police report, which contained an inventory of the seized evidence. Unknown to the prosecution, the police had failed to list the business cards in the inventory. While we urge the prosecution to be more careful when it responds to a request for discovery, we agree with the trial court's conclusion that the violation was inadvertent and did not prejudice the defendant. In these circumstances we find the admission of the business cards was not erroneous.

Appellant's objection to the jury instructions is based on the wording of AS 12.15.010, which states in part that "all persons concerned in the commission of a crime, whether they directly commit the act constituting the crime or, though not present, aid and abet in its commission, shall be prosecuted, tried, and punished as principals." Williams argues that under this statute a person must not be present in order to be convicted as an accomplice and that since he was present when the crime was committed, his conviction was improper. This claim is frivolous.

The district court in sentencing Williams reviewed the goals of sentencing and determined that under the particular facts of the case a substantial sentence was necessary for deterrent purposes.[4] It found that Williams' conduct was part of a flagrant, longtime, lucrative course of illegal conduct, and a violation of major proportions rather than an insignificant transgression. As such, it justified a relatively severe penalty. A sentence will be modified by this court only when we are convinced that the sentencing court was clearly mistaken in imposing the sanction that it did.

suppressed, he did not request a continuance. By failing to request a continuance at that time, he waived any right to such remedy. *See generally Scharver v. State*, 561 P.2d 300, 302 (Alaska 1977) (where defense counsel did not request a continuance after the trial court stated it would consider such a request) and *Kristich v. State*, 550 P.2d 796, 799–800 (Alaska 1976) (where defense counsel did not call the

*McClain v. State*, 519 P.2d 811, 814 (Alaska 1974). No such mistake was committed in this case.

AFFIRMED.

court's attention to the Rule 16 violation when the evidence was introduced).

4. Williams was sentenced to 180 days imprisonment, 120 days of which were suspended. He was fined $500. The maximum sentence for violation of AS 04.10.010, a misdemeanor, is not more than one year of imprisonment and the maximum fine is $500. AS 04.15.100.