**Walter ROTH, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5116.**

Court of Appeals of Alaska.

April 16, 1981.

Christopher E. Zimmerman, Fairbanks, for appellant.

Paul E. Olson, Asst. Dist. Atty., Fairbanks, Larry R. Weeks, Dist. Atty., Anchorage, Wilson Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

Appellant was tried and convicted of operating a motor vehicle while under the influence of intoxicating liquor on November 27, 1978, and appealed his conviction to the superior court where it was affirmed on December 10, 1979. He renews his appeal in this court alleging two errors: first, that the district court erred in failing to grant a mistrial when the jury was inadvertently informed of appellant's refusal to take a breathalyzer test; and second, that the district court committed prejudicial error in permitting the district attorney to cross-examine appellant to show bias by inquiring about the possibility of future litigation arising out of the accident which led to his apprehension. We have reviewed the record in this case and have concluded that the judgment should be affirmed.

On August 24, 1978, Roth drove his van into a barricaded ditch in Fairbanks. A police officer responded to the accident, extricated Mr. Roth from the ditch and, after a brief intermission at a hospital where Roth was examined by a physician, charged him with driving a vehicle while under the

influence of intoxicating liquor and transported him to the Fairbanks office of the Alaska State Troopers where he was videotaped. During the course of the videotaping, he refused to take a breathalyzer test. Thereafter appellant successfully moved for an order *in limine* barring disclosure to the jury of his refusal to take the test. The court ruled that the videotape would be played to the jury, but the audio portion was to be turned off when the breathalyzer was offered and refused. Defendant objected to this procedure. The parties stipulated that the bailiff would control the audio portion. Nevertheless, through what appellant concedes was inadvertence, the bailiff erred and Mr. Roth was heard to say in the presence of the jury, "I refuse to take that test."

In *Puller v. Anchorage*, 574 P.2d 1285, 1288 (Alaska 1978), the Alaska Supreme Court held that a refusal to take a breathalyzer examination could not be used as evidence against a defendant on the issue of his intoxication. The trial court here attempted to comply with that direction. Nevertheless, the jury heard the tainted evidence.

 Whether to grant a mistrial is committed to the sound discretion of the trial court, and its decision will only be overturned where clearly erroneous. *Maze v. State*, 425 P.2d 235, 239 (Alaska 1967). The trial judge has the opportunity to observe the tainted evidence in the context in which it is received by the jury. He, far better than we, can tell whether substantial prejudice has been done. The jury was specifically told not to consider the refusal of the test on the issue of guilt or innocence.[1] *See Anderson v. State*, 438 P.2d 228, 232–33 n.15 (Alaska 1968) citing the

general rule that "where the trial judge withdraws improper testimony from the jury's consideration, such an instruction is presumed to cure any error which may have been committed by its introduction."

We do not consider this a case where the evidence of guilt was so weak and the tainted evidence so important on the main issue and so highly prejudicial that the curative instruction was insufficient to remove the error. *See Anderson v. State, id.* Generally, inadvertent disclosures to the jury in OMVI prosecutions regarding breathalyzer and blood tests have not been held too prejudicial to be cured by an instruction. *See State v. Johnson*, 190 Kan. 795, 378 P.2d 167 (1963) and *Keener v. State*, 522 P.2d 250 (Okl.Crim.App.1974). We hold that the curative instruction in the context in which it was given and under the circumstances of this case cured any error.[2]

 Appellant's second claim of error concerns the court's permitting the prosecution to cross-examine him regarding a possible law suit against the City of Fairbanks. The state countered that this was proper cross-examination to show bias. A defendant who elects to testify and take the witness stand is subject to cross-examination to the same extent as any other witness regarding possible bias, provided that the trial court should, in its discretion, exclude relevant evidence where its probative value is outweighed by the danger of unfair prejudice. Alaska R.Evid. 403. Here the trial court could have reasonably concluded that the defendant's fear that a misdemeanor conviction would handicap a major civil suit involving the same facts, might increase his bias and be relevant to the credibility of his testimony. *See Scott v. Robertson*, 583 P.2d 188 (Alaska 1978). The only prejudice

---

1. The trial court discussed curative instructions with counsel and then instructed the jury as follows: (Instruction 9A)

 A person who is arrested for the offense of operating a motor vehicle while under the influence of intoxicating liquor, may be offered an opportunity to take one or more tests to determine the percentage, if any, of alcohol in his blood. A person so arrested, has the right to elect not to take any of these

tests. The defendant's election not to take the tests cannot be considered by you in determining his guilt or innocence.

2. We note that Dr. Marshall was apparently permitted to testify without objection that defendant refused a number of medical tests including a blood test to determine intoxication immediately after the accident. Thus the evidence complained of would appear cumulative.

defendant alleges is the risk that a Fairbanks jury might be overly concerned as taxpayers with the community's exposure in civil litigation. We are not able to say that the trial judge abused his discretion and committed clear error in concluding that the probative value of the questioned testimony outweighed any prejudicial effect. The judgment of the superior court affirming the judgment of the district court is hereby AFFIRMED.