**STATE of Alaska, Petitioner,**

v.

**Horace LEWIS, Respondent.**

**No. 5792.**

Court of Appeals of Alaska.

Aug. 20, 1981.

Bill D. Murphree, Asst. Dist. Atty. and Harry L. Davis, Dist. Atty., Fairbanks, for petitioner.

John Rosie, Whiting & Rosie, Fairbanks, for respondent.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

This case is a petition for review of an order of the superior court suppressing prosecution evidence because of discovery violations. We formerly granted the petition and have decided to reverse the order of the superior court.

The defendant in this case, Horace Lewis, is currently awaiting trial on a charge of sexual assault in the third degree.[1] Lewis was charged with sexually penetrating M. T. knowing that she was incapacitated. The evidence which the trial judge ordered not to be used at trial consisted of the results of tests performed by experts employed in the FBI laboratory in Washington, D.C. The tests were performed on physical evidence which included vaginal fluid smear slides prepared by a physician after he examined M. T. immediately following the alleged sexual assault and on clothing which the police seized from Lewis the morning following the incident. The reports indicated that semen containing spermatozoa was present in the vaginal fluid smear slides and on the shirt and undershorts of the defendant. The prosecution has claimed that this evidence is critical to its case since it is the only "objective evidence indicating sexual penetration and ejaculation" other than the testimony of M. T.

The FBI's formal written report on the evidence was not produced by the state until the morning of trial.[2] Apparently, the failure to make timely production of the report was due to a combination of factors: the state's delay in sending the evidence off to the FBI,[3] the FBI case backlog being such that they could not promptly perform the examination,[4] and the illness of the FBI examiner.[5] Faced with this discovery violation, which was in addition to earlier discovery violations,[6] and emphasizing that the

---

1. AS 11.41.430(a)(2) reads as follows:

   *Sexual assault in the third degree.* (a) A person commits the crime of sexual assault in the third degree if he engages in sexual penetration with a person who he knows
     (1) is suffering from a mental disorder or defect which renders him incapable of appraising the nature of the conduct under circumstances in which a person who is capable of appraising the nature of the conduct would not engage in sexual penetration; or
     (2) is incapacitated.
   (b) Sexual assault in the third degree is a class C felony.

2. The FBI examiner carried the report with him when he flew into Fairbanks from Washington, D.C. the night before the trial began. However, a few days prior to trial, the state did receive a summary of the report by telephone.

3. The alleged assault took place on October 16, 1980, and the defendant was indicted on October 22, 1980. The letter transmitting the physical evidence to the FBI laboratory for requested examination is dated November 17, 1980. The state offers no explanation for the delay.

4. The defendant argues that the examinations were actually performed much sooner than indicated. According to hand-written notes prepared on the semen examination forms used by the FBI, work was performed on January 5, 1981. The report, however, is not dated until February 6, 1981, and was not produced until February 10, 1981.

5. As the trial date grew near, the state claims that it repeatedly tried to make contact with the laboratory to determine why the report had not been received. At that time, the state was informed that Mr. Reem, who had examined the vaginal smears, was ill and had been out of the office for a few days.

6. At the omnibus hearing, the trial judge had suppressed evidence of conversation between police officers and Lewis which allegedly took place the morning after the incident. The evidence was suppressed because the state did not comply with a discovery order to produce a tape recording of the conversation.

   Another discovery problem concerned the efforts of the defense to contact an important witness, Nancy Chace, who had testified at the grand jury. The defense filed a motion to take Ms. Chace's deposition. The state represented that the witness would be available for trial and that "at the present it appears she will appear and testify for the defense if she is subpoenaed and tendered any fee as required by law." Relying on this information and on the state's representation at the omnibus hearing that it expected to bring her back for trial, the trial judge did not order the deposition to be taken but rather ordered the state to make Ms. Chace available for an interview by the defense at least four days prior to trial.

   In spite of a "bona fide effort to bring the witness in," the state did not produce Ms. Chace as required by the order issued at the omnibus hearing. The state maintained that

state could have requested a continuance when it became clear that it could not meet its discovery obligations, the trial judge ruled that the test results and the testimony concerning them should be excluded from trial.

Sanctions for a violation of Alaska R.Crim.P. 16 are governed by Alaska R.Crim.P. 16(e) which provides:

(1) *Failure to Comply with Discovery Rule or Order.* If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed or enter such other order as it deems just under the circumstances.

(2) *Willful Violations.* Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanctions by the court.

The rule provides that appropriate sanctions are discretionary with the trial court. However, numerous Alaska cases have indicated that if there is a violation of the discovery rules the appropriate remedy is generally for the trial court to grant a continuance. The leading case is *Des Jardins v. State*, 551 P.2d 181, 187 (Alaska 1976) where the court said:

> The proper procedure for a trial court faced with prosecution failure to disclose to the defense evidence that it is required to provide, until just before it plans to use such evidence, is to grant a continuance long enough to allow the defense attorney adequate time to prepare. [Footnotes omitted.][7]

Although the supreme court has not completely ruled out excluding evidence as a possible sanction,[8] the court has indicated that

> Generally, in civil cases as well as criminal, we have not favored sanctions for violation of court rules and orders by counsel where the sanctions would have adverse effects on the rights of the parties, rather than on the offending attorneys themselves.[9]

This position is consistent with the position taken in the American Bar Association Standards for Criminal Justice § 11–4.7

---

attempts to locate the witness through friends and family were unsuccessful. On the morning of trial, the trial judge found that the state was unable to locate Nancy Chace, and that this failure to produce was not deliberate, and he offered the defendant a continuance to give adequate time to locate the witness. The defendant declined the continuance.

During pre-trial proceedings, the court found another discovery violation by the state involving photographs taken in connection with the case. According to the defense, upon request that the photographs be made available for discovery on January 20, 1981, the state responded that there was "nothing in the file." It is the state's contention, on the other hand, that the photographs were in police custody all along and available for viewing at the police station several weeks before trial.

The court agreed with the defendant that the state had an obligation to reveal the whereabouts of the photos. Consequently, the trial judge excluded the photographs from use as evidence at trial. None of these rulings is before us in this petition and we express no opinion on them.

7. This language is quoted in *Johnson v. State*, 577 P.2d 230, 233 (Alaska 1978). *See also*

*Stevens v. State*, 582 P.2d 621, 624 (Alaska 1978).

8. In *Williams v. State*, 600 P.2d 741, 742 (Alaska 1979) the court said:

> Failure to produce evidence under Rule 16, however, does not automatically result in exclusion of evidence. The appropriate remedy . . . is within the trial court's discretion. Exclusion of the evidence is simply one alternative available for the court.

The federal criminal rules specifically provide for exclusion of evidence. Fed.R.Crim.P. 16(d)(2) provides in part:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

*See also Bachner v. Pearson*, 479 P.2d 319, 324 (Alaska 1970).

9. *Johnson v. State*, 577 P.2d 230, 234 (Alaska 1978).

(Second Ed.1980). The commentary to the ABA standards on discovery violations,[10] which is similar to Alaska R.Crim.P. 16(e), recommends that in the event of discovery violations the court ordinarily should order the parties to disclose evidence and grant continuances when necessary. On the use of the sanction of excluding evidence, the commentary states:

> The exclusion sanction is not recommended because its results are capricious. Thus, exclusion of prosecution evidence may produce a disproportionate windfall for the defendant, while exclusion of defense evidence may lead to an unfair conviction. Either result would defeat the objectives of discovery. [footnotes omitted] [11]

**10.** ABA Standards § 11–4.7 provides:

> If an applicable discovery rule or an order issued pursuant thereto is not promptly implemented:
> (a) the court may:
> (i) order the noncomplying party to permit the discovery of the material and information not previously disclosed;
> (ii) grant a continuance; or
> (iii) enter such other order as it deems just under the circumstances; or
> (b) the court may subject counsel to appropriate sanctions upon a finding that counsel willfully violated the rule or order.

**11.** The following is a more complete version of the views set forth in the ABA Standards for Criminal Justice § 11–4.7(a):

> [An order to disclose] would be appropriate where the noncompliance is attributable to inadvertence or confusion and where prompt compliance would give the receiving party the benefit of the disclosure. . . .
> The court is also authorized to order a continuance. A continuance alone would be appropriate where the necessary disclosures were made too late to be of use, while a continuance might accompany an order for disclosure where even a prompt disclosure would not permit the receiving party to benefit from the disclosure. . . .
> Finally, the court is authorized to "enter such other order as it deems just under the circumstances." The general authorization to tailor a remedy to fit the circumstances is intended to give a full rein to "the ingenuity of trial courts with respect to matters peculiarly suited to their judgment and administration." . . .
> The exclusion sanction is not recommended because its results are capricious. Thus, exclusion of prosecution evidence may produce a disproportionate windfall for the

We conclude that the Alaska cases and the best policy arguments dictate that the remedy of exclusion of significant evidence should be used by the trial court only in rare situations.[12]

Applying these principles to this case we conclude that the record before us does not show that this one was of those rare situations where the exclusion of evidence was justified. There may be times when late discovery of evidence places a party at such a significant disadvantage that exclusion of the evidence is appropriate. However, this record does not show that, given a continuance, Mr. Lewis would be seriously handicapped in going to trial at a later date.[13] The record also does not

> defendant, while exclusion of defense evidence may lead to an unfair conviction. Either result would defeat the objectives of discovery. In addition, the exclusion of defense evidence raises significant constitutional issues. [Footnotes omitted.]

**12.** In *Christie v. State*, 580 P.2d 310, 312 n.2 (Alaska 1978) the court dealt with the remedy of dismissal of a case for discovery violations. The court said in part:

> We have stated that dismissal is rarely an appropriate remedy for untimely compliance with discovery. Rather a continuance should be granted. If a violation of Criminal Rule 16 is "willful," sanctions may be imposed. We recognize that in certain circumstances, proceeding with the trial may impinge upon substantial rights of the defendant or deny a fair trial; in such cases dismissal may be the remedy consistent with due process. [Citations omitted.]

**13.** Lewis made no showing before the trial court ruled to exclude the evidence that he would be seriously handicapped in going to trial at a later date. On appeal Lewis' attorney has indicated that a continuance creates hardship because he has several witnesses, some from out of state, who would have to be rescheduled. We are aware that rescheduling witnesses, including making new plane reservations, having the witness rearrange their schedules, and perhaps even resubpoenaing the witnesses, which is no small matter if they are out of state witnesses, may be necessary. However, there is no representation that any of these witnesses cannot appear at a later date. Lewis' attorney also points out on appeal that a continuance imposes a hardship on his client because he would have a serious felony charge pending for a longer period of time if a continu-

show that this was an intentional violation of the discovery rules or that there were other extreme circumstances which might justify the sanction of exclusion of critical evidence.

We are not unmindful of the need for trial judges to maintain control over discovery and to assure orderly and timely compliance with the rules of criminal procedure. We are, furthermore, not unsympathetic with Judge Hodge's efforts to deal in this case with a troublesome situation involving repeated discovery violations by the prosecution which, on the whole, displayed a lamentable disregard of its duty to comply with the rules of discovery and the court's orders aimed at assuring compliance with the rules. However, we believe that the trial court's authority to impose costs and monetary sanctions and its ability to exercise the contempt powers provided for

by law afford a sufficient range of alternatives by which the seriousness of such discovery violations could be impressed upon the prosecution. In the absence of substantial prejudice to the defendant's case, we believe that appropriate redress for discovery violations should normally lie in the use of these alternatives.[14]

We therefore reverse the order of the trial court excluding the evidence of the test results and REMAND to the trial court for further proceedings.

---

ance is granted. We find that these factors, standing alone, are insufficient to justify the suppression of critical evidence in this case.

14. The trial court has broad discretion to take any other steps necessary to make further orders to remedy the violation of the discovery rules.