Robert James **BOSTIC**, Petitioner,

v.

**STATE of Alaska**, Respondent.

No. S–3337.

Supreme Court of Alaska.

Jan. 25, 1991.

Dennis E. McKelvie, Fairbanks, for petitioner.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchor-

---

age, Douglas B. Baily, Atty. Gen., Juneau, for respondent.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

The court of appeals held that because Robert James Bostic had not shown that his defense was prejudiced by the state's failure to disclose the identity of a key prosecution witness until after trial had begun, his only remedy was a continuance. On Bostic's petition we reverse and hold that the party violating Alaska Criminal Rule 16(b)(1)(i) has the burden of showing that the non-offending party has not been prejudiced in the manner he specifically claims. If this burden is not met in regard to a violation of the Rule which surfaces during trial, and the party violating the Rule deems the evidence too important to proceed without it, the proper remedy is a mistrial.

## I. STATEMENT OF FACTS

In 1985 Bostic was convicted of sexually abusing his daughter.[1] As part of his sentence, he was ordered to attend counseling sessions with Elizabeth Scollan, a psychiatric social worker. In 1987, while still attending counseling sessions, Bostic was charged with again sexually abusing his daughter.

During the trial the state called Ms. Scollan to testify as a "rebuttal" witness.[2] Bostic objected, claiming that the state had not notified him that Ms. Scollan would be called as a witness, in violation of Criminal Rule 16(b)(1)(i).[3] Although the state initial-

---

1. For a more detailed account of the facts underlying this case, see Bostic v. State, 772 P.2d 1089 (Alaska App.1989).

2. The state intended in fact to call Ms. Scollan in its case in chief, to respond to the anticipated impeachment of Bostic's daughter. The superior court concluded that the state could call Ms. Scollan in its case in chief or in its rebuttal. The state elected to call her in its rebuttal.

3. Alaska Criminal Rule 16 reads in pertinent part:

> (b) Dislosure [sic] to the Accused.
> (1) *Information within Possession or Control of Prosecuting Attorney.* Except as is otherwise provided as to matters not subject to disclosure and protective orders, the prosecuting attorney shall disclose the following information within his possession or control to defense counsel and make available for inspection and copying:

ly claimed that since Ms. Scollan was in effect a rebuttal witness Criminal Rule 16(b)(1)(i) did not apply, it admitted on appeal that Bostic should have been notified of her testimony in accordance with the Rule.[4]

Bostic moved to preclude Ms. Scollan's testimony or for a mistrial as a result of the state's alleged violation of the Rule, specifically claiming that he was irrevocably committed to his originally planned defense and by midtrial it was too late to pursue a different course. The superior court denied the motion. Bostic did not request a continuance, despite the state's apparent willingness to agree to one.

During Ms. Scollan's testimony, she referred to the earlier testimony of Bostic's daughter. Bostic objected, arguing that the jury might interpret such testimony in light of Ms. Scollan's professional contact with the Bostics. Bostic moved for a mistrial on the ground that Ms. Scollan's testimony was unduly prejudicial. The superior court denied this motion also.

Bostic was convicted of both counts of sexual abuse of his daughter. The court of appeals held that Bostic had failed to show that the state's violation of Criminal Rule 16(b)(1)(i) or Ms. Scollan's reference to the testimony of Bostic's daughter had prejudiced his defense, and affirmed his convictions. Bostic petitioned for hearing in this court, Appellate Rule 302, claiming that the state's violation of the Rule, as well as Ms. Scollan's testimony, constituted prejudicial error. We granted Bostic's petition.[5]

## II. DISCUSSION

The state concedes that Bostic was entitled to pretrial notice of Ms. Scollan's testimony. Thus, the state admittedly violated Criminal Rule 16(b)(1)(i). Moreover, the court of appeals specifically found that the "record in this case establishes that the state *deliberately* withheld pretrial notice of its intent to rely on Scollan and failed to make any advance disclosure concerning the subject matter of Scollan's proposed testimony." *Bostic*, 772 P.2d at 1093 (emphasis added). Although the prosecutor "apparently" believed that there was a "rebuttal" witness theory under which his deliberate failure could be excused, the court of appeals correctly noted that we have "categorically rejected" this notion, and that this was a matter of "settled precedent." *Id. See Howe v. State*, 589 P.2d 421, 424 (Alaska 1979) (the names and addresses of all persons "known by the prosecution to have knowledge of relevant facts" must be disclosed). The prosecutor's belief that his violation was justified cannot be characterized as innocent, particularly in light of the fact that the undisclosed witness, Ms. Scollan, was involved in a privileged relationship with Bostic concerning his prior abuse of his daughter. A brief review of appropriate remedies to be accorded the victim of a Criminal Rule 16(b)(1)(i) violation under these circumstances is appropriate.

This court was faced with a similar situation in *Des Jardins v. State*, 551 P.2d 181 (Alaska 1976), in which the prosecution failed to give notice of witnesses to the defense during discovery as required by Criminal Rule 16(b)(1)(i). Although we agreed that the state had violated the Rule, we commented that the "proper procedure for a trial court faced with prosecution failure to disclose ... evidence ... until just before it plans to use such evidence, is to grant a continuance long enough to allow the defense attorney adequate time to

---

(i) The names and addresses of persons known by the government to have knowledge of relevant facts and their written or recorded statements or summaries of statements.

4. In 1975, this court held that Criminal Rule 16 did not require disclosure of "rebuttal" witnesses. *McCurry v. State*, 538 P.2d 100, 106 (Alaska 1975). This holding was overruled four years later. *Howe v. State*, 589 P.2d 421 (Alaska 1979). In *Howe*, we concluded that Criminal

Rule 16(b)(1)(i) "does not permit an across the board exception for rebuttal witnesses. If the witness is a person known by the prosecution to have knowledge of relevant facts, then his name and address must be disclosed...." *Id.* at 424.

5. We have reviewed Bostic's argument regarding prejudice stemming from Ms. Scollan's reference to his daughter's testimony, and concluded it to be without merit.

prepare." *Id.* at 187. We went on to hold that the state's violation of the Rule in that case was harmless error under the test established in *Love v. State,* 457 P.2d 622 (Alaska 1969). *Des Jardins,* 551 P.2d at 187. In *Love,* we held that an error was harmless if, after considering the impact of the error on the minds of the jurors, we concluded that the defendant's interest in having a fair trial had not been impaired. 457 P.2d at 631.

This court has not limited its consideration of remedies to continuances. In *Howe v. State,* we explicitly acknowledged the inadequacy of a continuance under some circumstances:

> In this case the state has offered the defendant a continuance after he rests his case in chief. At that point the state suggests that it will produce its expert's report and allow the defendant whatever time is necessary to investigate and prepare for cross-examination of the psychiatrist. A continuance, however, is at best an awkward and disruptive substitute for pre-trial discovery. In the case of technical reports the time needed to prepare a response may be too long to hold the jury and a mistrial may be the result. Moreover, *under certain circumstances such as those involving strategic decisions concerning the conduct of the trial a continuance is not an effective substitute for pre-trial discovery.*

*Howe,* 589 P.2d at 424 (emphasis added).

Thus as noted by the court of appeals, "[a]lthough these cases made it clear that a continuance is ordinarily the appropriate remedy for a discovery violation, they do not purport to establish that it is the exclusive remedy." *Bostic,* 772 P.2d at 1094. In this case, Bostic never moved for a continuance, but instead moved to preclude Ms. Scollan's testimony or for a mistrial, which was denied. The superior court concluded and the court of appeals agreed that Bostic had failed to show prejudice that

could not be cured by a midtrial continuance.

The state here argues that since Bostic failed to show that the state's violation of Criminal Rule 16(b)(1)(i) was prejudicial to his defense in the manner he specifically claims, the violation was harmless error. In reply, Bostic argues that the burden should be on the state to show that no prejudice resulted. Our prior cases have been decided on the assumption that the burden of showing prejudice rests on the defendant. Bostic puts that assumption squarely in issue.

The purposes of Criminal Rule 16 are to "provide adequate information for informed pleas, expedite trial, minimize surprise, afford opportunity for effective cross-examination, and meet the requirements of due process." Alaska R.Crim.P. 16(a). By failing to notify Bostic of a witness to be called, the state thwarted each of the above purposes. To then burden Bostic, the non-offending party, with proof that the violation resulted in the prejudice he specifically claims, rather than requiring the offending party to show that the violation did not result in such prejudice, is manifestly unjust. This injustice is exacerbated when one considers that in order to show prejudice, the non-offending party will be forced to reveal his defense strategy to the prosecution. Thus in this case, by violating Criminal Rule 16(b)(1)(i) the prosecution will succeed not only in calling a surprise witness, but also will enjoy an otherwise unobtainable preview of Bostic's legal strategy.

The injury to the non-offending party is the same regardless of the intent of the party violating Rule 16, since the advantage inures to the violating party regardless of whether the violation was negligent or deliberate, whether done in good faith or in bad faith. In order to prevent an offending party from gaining this advantage and profiting from his own misdeed,[6] we conclude that a violation of Crim-

6. Such profit inures whether the violation is committed in bad faith or "only" due to the prosecutor's gross negligence. *See State v. Quintal,* 479 A.2d 117, 120 (R.I.1984). A prosecutor who fails to disclose evidence in the face of a clear requirement to do so "is grossly negligent at best." *People v. Pace,* 102 Mich.App. 522, 302 N.W.2d 216, 219 n. 2 (1980).

**348**

inal Rule 16(b)(1)(i) is presumptively prejudicial to the non-offending party.[7]

We have previously held that intentional or reckless misstatements in affidavits supporting search warrants must be excised and the remainder of the affidavit reviewed for probable cause. *State v. Malkin,* 722 P.2d 943, 946 (Alaska 1986). If the remainder of the affidavit is insufficient to support the search warrant, the evidence gathered with the warrant must be suppressed. *See id.* The drastic sanction of suppressing evidence, possibly resulting in dismissal of charges, is meant to deter the state from making intentional or reckless misstatements in affidavits. *See id.* at 946–47. Here, however, Bostic is not requesting only that the evidence be suppressed, i.e., the testimony of Ms. Scollan be excluded. Despite the deliberate conduct of the prosecutor, he is requesting alternatively that the court mete out a lesser sanction, a mistrial. Deterrent value is preserved, but the implications are less severe.

■ A continuance, ordinarily the appropriate remedy for a discovery violation, may not be an adequate remedy in this case. Ms. Scollan was called to rebut a position advanced by Bostic in cross-examining the state's witnesses (to wit, that his daughter had fabricated the incident). *Bostic,* 772 P.2d at 1091. In so doing, Bostic committed himself to a theory of the case without being put on notice not only that his theory would be rebutted by expert testimony, but that it would be rebutted by someone with whom he had a privileged relationship.[8] A continuance would have given Bostic only more time to agonize over how to unring a bell that should never have been rung in the first place. *Cf. Stevens v. State,* 582 P.2d 621, 624 n. 9 (Alaska 1978) (continuance insufficient where evidence not disclosed until used at trial to opponent's detriment). Other jurisdictions also have held that the calling of a surprise witness after the defendant has

committed himself to a theory of a case necessitates a mistrial. *State v. Grimm,* 165 W.Va. 547, 270 S.E.2d 173, 178 (1980); *People v. Pace,* 102 Mich.App. 522, 302 N.W.2d 216, 219–20 (1980). A mistrial is a tailored remedy, which would allow both Bostic to restructure his defense in light of the sudden revelation of information which he was entitled to have all along, and the state to put on relevant evidence in its possession, should it deem the evidence too important to proceed without it.

■ Requiring the state to bear the burden of showing that Bostic has not been prejudiced as a result of a discovery violation in the manner he specifically claims is also not without precedent. In 1985 the Supreme Court of Maryland adopted the requirement that the state prove that no prejudice resulted from its discovery violations. *Warrick v. State,* 302 Md. 162, 486 A.2d 189, 195 (1985). The Supreme Court of Florida also requires the state to show no prejudice as a result of the state's violation of discovery rules. *Cumbie v. State,* 345 So.2d 1061, 1062 (Fla.1977). *See also Pace,* 302 N.W.2d at 219–20.

In its decision the court of appeals twice noted that it found the case to be troubling, once in the following language:

> As we noted at the outset of our discussion on this point, however, we find the circumstances surrounding the discovery violation in the present case troubling. We therefore believe this to be an appropriate occasion to repeat the admonition expressed by the Alaska Supreme Court in *Des Jardins v. State:*
>
>> [T]he lack of prejudice here was purely fortuitous. In future cases we will continue to scrutinize prosecutorial conduct in this area, and will not hesitate to reverse where it appears that the defendant has been prejudiced by such action.

*Bostic,* 772 P.2d at 1095.

Like the court of appeals, we too find the case troubling. Unlike the court of ap-

---

7. Such a rule is not intended to overrule either *Des Jardins* or *Love.* It is merely meant to shift the burden of persuasion in cases involving Criminal Rule 16 violations.

8. Ms. Scollan was not just any witness. She possessed highly prejudicial and inadmissible information, some of which we note managed to "inadvertent[ly]" get to the jury. *See Bostic,* 772 P.2d at 1096–97.

peals, we conclude that a defendant is presumptively prejudiced when confronted with a Criminal Rule 16(b)(1)(i) violation. The burden rests on the state to show that the defendant has not been prejudiced in the manner he specifically claims.

### III. CONCLUSION

The case is REMANDED to the court of appeals, with instructions that it remand the case to the superior court for the purpose of determining whether the state overcame the presumption of prejudice flowing from its violation of Criminal Rule 16(b)(1)(i), consistent with this opinion.

RABINOWITZ, Justice, with whom MATTHEWS, Chief Justice, joins dissenting.

I dissent from the court's holding that the superior court abused its discretion in denying Bostic's motions for a mistrial or, in the alternative, for an order precluding Elizabeth Scollan from testifying.

In regard to a party's failure to comply with a discovery rule, or order issued pursuant thereto, Criminal Rule 16(e)(1) provides,

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed or enter such other order as it deems just under the circumstances.[1]

The superior court held that any problems arising from the state's failure to disclose its intent to call Elizabeth Scollan as an expert witness could "be resolved by postponing Scollan's testimony until Bostic's counsel had an opportunity to prepare for cross-examination and by allowing any additional time necessary for Bostic to retain his own expert." *Bostic v. State*, 772 P.2d 1089, 1091–92 (Alaska App.1989). The record indicates that the superior court unambiguously informed Bostic's counsel that he could request additional time to prepare for cross-examination of Scollan, as well as the opportunity of securing a defense expert. On the day following the superior court's articulation of these options, Bostic's counsel indicated that he had interviewed Scollan and had decided against obtaining his own expert. Defense counsel declined to request a continuance. Instead, Bostic's counsel moved for an order precluding Scollan from testifying and, in the alternative, for an order declaring a mistrial. As the court of appeals notes,

> Judge Savell declined to grant a mistrial or to preclude Scollan's testimony, finding no basis for concluding that Bostic had suffered any prejudice that could not be cured by a continuance for additional preparation.... Accordingly, the judge ruled that the state would be allowed to call Scollan, either in its case-in-chief or on rebuttal. In response to the court's ruling, the state withdrew Scollan as a witness in its case-in-chief and indicated that it would rely on her only as a rebuttal witness.

---

1. In *Williams v. State*, 600 P.2d 741, 742 (Alaska 1979), we said in part: "The appropriate remedy for a violation of Rule 16 is within the trial court's discretion. Exclusion of the evidence is simply one alternative available to the court." Of importance to the disposition of this case is our further observation in *Williams* that,

> We have previously noted that the prosecution's failure to produce evidence as required by Rule 16 ordinarily entitles the defense counsel to a continuance. *Stevens v. State*, 582 P.2d 621, 624 n. 9 (Alaska 1978); *Des Jardins v. State*, 551 P.2d 181, 187 (Alaska 1976). William's counsel was asked what relief he sought, and although he asked that the evidence be suppressed, he did not request a continuance. By failing to request a continu-

ance at the time he waived any right to such a remedy. *See, Scharver v. State*, 561 P.2d 300, 302 (Alaska 1977); *Kristich v. State*, 550 P.2d 796, 799–800 (Alaska 1976).

*Id.* at n. 3 (parentheticals omitted). Rule 16(d)(2) of the Federal Rules of Criminal Procedure provides,

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

*Id.* at 1092. Given this record, I conclude that the superior court did not abuse its discretion in permitting Scollan to testify and in denying Bostic's request for a mistrial. Although the prosecutor's discovery violation was intentional, his failure to disclose the identity of Scollan, an expert witness, was a consequence of his good faith-mistaken belief that he was under no obligation to disclose the identity of any expert rebuttal witnesses.[2] Study of the record fully supports the court of appeals' rejection of Bostic's claim that a continuance would not have cured any prejudice stemming from the state's discovery violation. In declining a continuance, defense counsel emphasized that "he had planned Bostic's defense on the assumption that the state would not be presenting expert testimony and that, by the time he was informed that the state intended to call Scollan, he had already irrevocably committed himself to the originally planned defense." *Id.* at 1092.[3] In regard to this claim of prejudice, the court of appeals correctly concluded that,

Although Bostic has repeatedly complained that he had already suffered irreparable prejudice by the time he learned that the prosecution intended to call Scollan as an expert witness, Bostic's complaints have been wholly conclusory. Both below and on appeal, Bostic has failed to point out any irreversible strategic choices that he made prior to receiving notice of the state's intent to call Scollan. Nor has Bostic specified any way in which he relied to his detriment on the assumption that no expert would be called by the state.

In permitting Scollan to testify, the trial court considered and rejected as unsubstantiated Bostic's repeated assertions that the untimely notice resulted in irreparable damage to his case. We are unable to conclude that the trial court's decision was clearly erroneous.... [O]ur review of the record currently before us fails to reveal any basis for Bostic's claim that a continuance would not have cured the prejudice stemming from the state's discovery violation. Accordingly, we hold that the failure to provide appropriate pretrial discovery did not require preclusion of the disputed testimony.[4]

*Id.* at 1095.

It is clear that Bostic had no right to prevent Scollan from testifying. The only right implicated here is Bostic's discovery right to notice in advance of trial that the state intended to call Scollan as an expert witness. Such advance notice affords defense counsel the opportunity to prepare cross-examination of the witness as well as the opportunity to obtain expert witnesses

---

**2.** I take issue with the court's determination that the prosecutor's belief cannot be characterized as innocent. The majority's basis for this conclusion is that "the undisclosed witness, Scollan, was involved in a privileged relationship with Bostic concerning his prior abuse of his daughter." The record shows that Scollan's testimony was offered in response to Bostic's impeachment of both the victim as well as his wife. In this regard, the state apprised the court and defense counsel that Scollan's testimony "would not entail problems of privilege because Scollan would testify only about general characteristics of sexually abused children and would not be asked for information derived from her counseling relationship with Bostic or his family." *Bostic,* 772 P.2d at 1091. Given this proffer, I fail to see how the prosecutor's belief that he was not required to disclose the identity of expert rebuttal witnesses can be characterized as other than an innocent mistake.

**3.** Professors LaFave and Israel note that a defendant "... will not be allowed to base his claim of prejudice on speculative theories as to how his trial tactics might have differed if he had been given earlier notice of the prosecution's evidence." 2 LaFave and Israel, *Criminal Procedure* § 19.3 at 504 (1984) (citing *Hawley v. State,* 614 P.2d 1349 (Alaska 1980)).

**4.** Professors LaFave and Israel write, "The preferred remedy, at least where the prosecutor acted in good faith, is to order immediate compliance and offer the defendant a continuance so that he can take advantage of delayed discovery." 2 LaFave and Israel, *Criminal Procedure,* § 19.3 at 503 (citing *Williams v. State,* 600 P.2d 741 (Alaska 1979)). More significantly, LaFave and Israel observe, "Some courts view the offer of a continuance as the acid test for determining whether prejudice exists under most circumstances. If the offer is made, and the defendant refuses, that is taken as strong evidence that there was not prejudice." *Id.* at 503 (citing *Williams v. State,* 600 P.2d 741 (Alaska 1979); *State v. Lewis,* 632 P.2d 547 (Alaska App.1981)).

for the defense. Here these interests were adequately accommodated by the superior court's offer of a continuance.

On the other hand, the majority reasons,

> A continuance, ordinarily the appropriate remedy for a discovery violation, may not be an adequate remedy in this case. Ms. Scollan was called to rebut a position advanced by Bostic in cross-examining the state's witness (to wit, that his daughter had fabricated the incident). In so doing, Bostic committed himself to a theory of the case without being put on notice not only that his theory would be rebutted by expert testimony, but that it would be rebutted by someone with whom he had a privileged relationship.

*Bostic,* 772 P.2d at 1094 (citation and footnote omitted). In my opinion, the majority uncritically accepts a totally unfounded assertion of prejudice. Bostic's counsel had no right to expect that, as part of his trial strategy, his cross-examination of the victim (attacking her veracity) would go unchallenged by the state. In short, no impairment of an irreversible strategic defense has been shown. The fact that Bostic's cross-examination of the victim was rebutted by an expert witness who had previously had a privileged relationship with Bostic is irrelevant, since no privileged communication between Bostic and Scollan was revealed during the course of the latter's testimony.

One final observation. Assuming arguendo that the burden of proving lack of prejudice properly rests on the state, I conclude that here the state has met its burden. On the other hand, I note my disagreement with the majority's adoption of a rule which requires (i) that the party who

has violated Criminal Rule 16 demonstrate the absence of prejudice to the opposing party, and (ii) that in resolving questions of prejudice the court will presume prejudice to the non-offending party. No compelling reasons have been advanced in support of adoption of this new approach, which I take it would apply to negligent, as well as good faith-mistaken violations of Criminal Rule 16, and orders entered pursuant thereto.[5]

---

**5.** Bostic also asserts that the superior court erred in denying a mistrial based on Scollan's reference to matters covered by a protective order. Prior to Scollan's testifying, the superior court instructed the witness as to the distinction between background testimony concerning the sexual abuse of children, and impermissible case-specific diagnostic testimony. The superior court also cautioned Scollan not to refer specifically to the victim when giving general background information. Despite this warning, Scollan at one point referred to a statement that the child had made while testifying.

On the basis of my study of the record, I conclude that the superior court did not abuse its discretion in denying Bostic's motion for a mistrial. The superior court's immediate cautionary instruction more than adequately remedied this single reference by Scollan to the victim. *See, e.g., Hines v. State,* 703 P.2d 1175, 1178 (Alaska App.1985); *Preston v. State,* 615 P.2d 594, 603–04 (Alaska 1980); *Roth v. State,* 626 P.2d 583, 585 (Alaska App.1981) (prompt cautionary instructions such as those given in the present case are ordinarily presumed to cure any error stemming from the violation of a protective order).