NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific*</u> <u>*Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

FRED RUSSELL CRANE,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-11208
Trial Court No. 3HO-10-240 CR

O P I N I O N

No. 2492 — February 26, 2016

Appeal from the District Court, Third Judicial District, Homer, Margaret L. Murphy, Judge.

Appearances: Jane B. Martinez, Anchorage, under contract with the Public Defender Agency, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Craig C. Sparks, Assistant District Attorney, Kenai, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Fred Russell Crane was prosecuted for driving under the influence and first-degree child endangerment (because his son was riding as a passenger in the car that Crane was driving). [1] At Crane's trial, Crane took the stand and testified that he had not been impaired by alcohol. Later, during the State's rebuttal case, the officer who arrested Crane testified that, toward the end of their interaction at the police station, Crane apologized to the officer for being drunk. The State had not previously disclosed this information to the defense.

After the officer gave this testimony about the alleged apology, Crane's attorney moved for a mistrial on the ground that the audio recording of Crane's processing at the police station did not include this particular portion of Crane's interaction with the officer. See *Stephan v. State*, 711 P.2d 1156, 1162-63 (Alaska 1985), where the supreme court held that the police must record custodial interrogations that are conducted at a police station.

Later, the defense attorney voiced an additional objection: that the State's failure to disclose this information before trial constituted a violation of Alaska Criminal Rule 16 (the rule governing pre-trial discovery). See *Bostic v. State*, 805 P.2d 344, 348 (Alaska 1991), where the supreme court held that a mistrial is the presumptive remedy for a discovery violation that comes to light during trial.

The trial judge agreed with the defense attorney that the State should have disclosed this information earlier — but the judge denied the defense attorney's motion for a mistrial. And the judge did not allow the defense attorney to pursue his motion to suppress the alleged apology based on the officer's failure to record it. Instead, the trial judge decided to deal with these two problems by instructing the jurors to ignore the officer's testimony that Crane had apologized for being drunk.

---

[1] AS 28.35.030(a) and AS 11.51.100(b), respectively.

The jury convicted Crane, and he now appeals. For the reasons explained in this opinion, we conclude that the trial judge's handling of this situation constituted reversible error — and that Crane is therefore entitled to a new trial.

*A more detailed look at the underlying facts*

The criminal complaint against Crane was drafted by Kenai Police Officer Casey Hershberger, the officer who arrested Crane. In this complaint, Hershberger alleged that Crane had "apologized for driving drunk." But the discovery materials that the State supplied to Crane's defense attorney did not include any information about this alleged apology — neither in a police report nor in the recordings of Crane's arrest and DUI processing at the police station.

On the morning that Crane's trial began, Crane's attorney alerted the trial judge that the State's discovery materials contained nothing about the alleged apology that was referred to in the complaint. The defense attorney asked the trial judge to order Hershberger to review the recording of the DUI processing, so that Hershberger would not misrepresent the evidence by testifying about an "apology" that was not there.

Even though the prosecutor did not dispute the defense attorney's assertion that the tape contained nothing about an apology for driving drunk, the trial judge refused to order Officer Hershberger to review the tape. Instead, the judge simply said, "After the last trial, I hope everyone learned about prepping their witnesses. Do I need to say any more about that?" The prosecutor answered, "No."

Crane took the stand during the defense case and testified that he had not been impaired by alcohol.

When the time came for the State's rebuttal case, the prosecutor called Officer Hershberger to the stand — and Hershberger testified that Crane *had* in fact

apologized for being drunk. Hershberger declared that he had not remembered the apology earlier, and that his memory was jogged by something that Crane said when he testified during the defense case. According to Hershberger, Crane's apology was not recorded because the apology was made after the DUI processing was over:

> *Hershberger*: When I remanded [Crane to] jail, I had gone back out to my car [and] retrieved his [mobile] phone and stuff, [and when I] came back in, ... he apologized for being drunk. I ... put that in my criminal complaint ... . I don't have an audio recording of [the apology] because I was done [with the DUI processing].

At this point, Crane's attorney objected, and the trial judge excused the jury so that this issue could be investigated outside the jury's presence.

During the ensuing inquiry, Hershberger again asserted that he had forgotten about Crane's apology until Crane's testimony jogged his memory. Hershberger stated that he informed the prosecutor about his refreshed recollection at some point before he took the stand as a rebuttal witness.

The prosecutor conceded that the State's pre-trial discovery did not refer to the alleged apology. And the prosecutor told the judge that when Hershberger informed her about the apology, she did not think to notify the defense. She simply concluded that testimony about the apology was admissible, so she called Hershberger as a rebuttal witness.

Crane's attorney asked the judge to declare a mistrial on the basis that the State had committed a discovery violation by not disclosing this information earlier. The defense attorney also argued that the State had potentially committed a *Stephan* violation (because Hershberger had failed to record this aspect of his interaction with Crane, and because Crane's statement to Hershberger was potentially the product of questioning at the police station).

The trial judge agreed with the defense attorney that the prosecutor should have alerted the defense attorney as soon as Officer Hershberger told the prosecutor that he now remembered Crane's alleged apology.

But instead of granting the requested mistrial, and instead of allowing the defense attorney to investigate and litigate the potential *Stephan* violation, the trial judge decided to remedy the situation by telling the jurors to disregard what Hershberger had just said about Crane's apologizing:

> *The Court*: Ladies and gentlemen, [you heard] Officer Hershberger's [testimony about] Mr. Crane's cell phone — [that it] was in the front passenger seat of Officer Hershberger's car during [Crane's breath] test. Anything said after that by Officer Hershberger has been stricken from the record. That means you are to disregard it. You are not permitted even — If you don't remember what it was, that's really good. If you do [remember it], you're to ignore it. It's like it was never said. Okay?

*Why we conclude that the trial judge's approach to this problem was reversible error*

Under Alaska Criminal Rule 16 (b)(1)(A)(ii), the State must disclose to the defense the substance of any oral statements made by the accused. [2] This rule applies to Officer Hershberger's testimony that Crane apologized to him for driving drunk.

In Crane's case, one might arguably assert that information about Crane's apology was disclosed to the defense, because it was included in the text of the criminal complaint that initiated this prosecution. But as we have explained, Crane's defense attorney raised this issue at the beginning of the trial — pointing out the discrepancy

---

[2] *See Starkweather v. State*, 244 P.3d 522, 524 (Alaska App. 2010).

between the wording of the complaint (which contained an assertion about Crane's apology) and the fact that no such apology was included in the recording of Hershberger's interaction with Crane, nor in any of the other discovery materials that the State had furnished to the defense.

The defense attorney's remarks led to a colloquy between the court and the parties — and given the prosecutor's remarks during this colloquy, the defense attorney could reasonably conclude that the State had no evidence of such an apology. Indeed, shortly after Officer Hershberger delivered his surprise rebuttal testimony about the apology, the trial judge declared that *she* had interpreted the prosecutor's remarks as equivalent to a concession that Crane made no such apology.

Given these circumstances, we conclude that the State failed to comply with the mandate of Criminal Rule 16(b)(1)(A)(ii).

After Hershberger delivered his surprise testimony, the prosecutor told the court that Hershberger informed her of this new information *before* she called Hershberger to the stand as a rebuttal witness — and that she called Hershberger to the stand for the purpose of having him give this testimony.

Rather than calling Hershberger to the stand to testify about Crane's alleged apology, what the prosecutor should have done under these circumstances was immediately notify Crane's attorney about Hershberger's new information. This would have allowed the court and the parties to handle this late disclosure under the procedures described in *Bostic*, 805 P.2d at 346-47.

Immediate disclosure would also have allowed Crane's attorney to cross-examine Hershberger about his claim that he had only just remembered Crane's apology — an assertion that went untested in the trial court, because the trial judge's approach to this problem did not give the defense attorney a chance to engage in this inquiry.

In addition, immediate disclosure would have allowed Crane's attorney to investigate and litigate the question of whether, if Crane did indeed apologize to Hershberger, Crane's apology should be suppressed under *Stephan v. State* because of Hershberger's failure to record it.

But instead of immediately disclosing this information to Crane's attorney, so that these matters could be litigated properly, the prosecutor called Hershberger as a rebuttal witness and had him give his surprise testimony. Thus, the new information about the alleged apology was conveyed simultaneously to the defense attorney, the trial judge, and — most prejudicially — the jury.

Although the defense attorney immediately asked for a mistrial and for a *Stephan* hearing, the trial judge denied the mistrial motion and essentially ignored the *Stephan* motion. Instead, the judge attempted to keep the trial on track by simply telling the jury to disregard Hershberger's testimony.

Conceivably, if Hershberger's testimony had involved a matter that was less significant and less prejudicial, the judge's approach might have been a reasonable response to the situation. But given the content of Hershberger's rebuttal testimony — his assertion that Crane apologized to him for being drunk — the trial judge's approach to the problem was not an effective remedy.

Crane's apology to Hershberger, if believed, amounted to a confession that Crane was guilty of DUI (because it was undisputed that Crane had been driving a motor vehicle). Although a trial judge's curative instruction is normally presumed to be sufficient to resolve the problem when a jury hears objectionable evidence,[3] this presumption does not apply when a jury improperly hears evidence of a defendant's confession. As the United States Supreme Court has recognized, "[a] confession is like

---

[3] *See State v. McDonald*, 872 P.2d 627, 654-55 (Alaska App. 1994); *Whiteaker v. State*, 808 P.2d 270, 277 (Alaska App. 1991).

no other evidence"; it is "the most [ostensibly] probative and damaging evidence that can be admitted against [a defendant]. [4]  Because of a confession's profound impact, "we may justifiably doubt [a jury's] ability to put [this evidence] out of mind even if told to do so." [5]

Given the circumstances of Crane's case, the trial judge's admonition to the jurors (instructing them to pretend that they had never heard evidence of Crane's purported apology) could not reasonably be expected to cure the problem created by Hershberger's surprise rebuttal testimony.  We therefore conclude that the trial judge abused her discretion when she denied the defense motion for a mistrial.

*Conclusion*

The judgement of the district court is REVERSED.  Crane is entitled to a new trial.

---

[4]  *Arizona v. Fulminante*, 499 U.S. 279, 296; 111 S.Ct. 1246, 1257; 113 L.Ed.2d 302 (1991).

[5]  *Ibid*, quoting *Bruton v. United States*, 391 U.S. 123, 139-140; 88 S.Ct. 1620, 1630; 20 L.Ed.2d 476 (1968) (Justice White, dissenting).